UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

SHANE VILLARINO, *et al*.,

CASE NO.: 0:20-cv-60192-AHS

    Plaintiffs,

v.

PACESETTER PERSONNEL SERVICE,
INC., *et al*.,

    Defendants.
_____/

**DEFENDANTS' AGREED MOTION FOR LEAVE TO FILE A RESPONSE IN OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION IN EXCESS OF <u>TWENTY PAGES AND MEMORANDUM OF LAW</u>**

Pursuant to Local Rule 7.1(c)(2), Defendants Pacesetter Personnel Service, Inc., Pacesetter Personnel Service of Florida, Inc., Florida Staffing Service, Inc., and Tampa Service Company, Inc. (collectively, "Defendants"), respectfully move for leave to file an additional five pages beyond the twenty page limit for responses to motions under Local Rule 7.1(c)(2). In total, Defendants seek to file a response to Plaintiffs' Motion for Conditional Certification (D.E. 151, the "Motion") totaling no more than twenty-five pages. In support, Defendants state as follows:

    1.    In their Motion, Plaintiffs seek to certify a <u>nationwide</u> collective action of thousands of "current and former non-exempt, hourly unskilled laborers who were employed by Defendants on 'daily tickets' within the three (3) year statute of limitations period." D.E. 151 at 3.

2. Plaintiffs seek to include within their purported class employees across three states and upwards of twenty-six branch locations who worked at hundreds of different customer sites. D.E. 151 at 2-3.

3. To sufficiently respond to Plaintiffs' Motion and the eleven declarations submitted with it, Defendants must address in detail whether others desire to opt into this lawsuit, and whether Plaintiffs are similarly situated to other employees who have worked in at least 26 branch locations nationwide performing work at hundreds of customer sites under a myriad of supervisors. Accordingly, Defendants will be submitting over 25 declarations from daily ticket laborers throughout Florida who, among other things, do not want to participate in this lawsuit, were correctly paid for all hours worked in accordance with Defendants' timekeeping policies, and are not otherwise similarly situated to Plaintiffs and their declarants.

4. In the process of preparing their response, Defendants have found that they will need approximately 25 pages to adequately synthesize these 25 plus declarations in the context of Plaintiffs' declarations for the benefit of the Court. Defendants thus request that they be permitted to submit a response not to exceed 25 pages. Plaintiffs have agreed to this request.

**MEMORANDUM OF LAW**

Pursuant to Local Rule 7.1(c)(2), Defendants are permitted to file a response to Plaintiffs' Motion of up to twenty pages in length. However, Local Rule 7.1(c)(2) specifically provides that a party may petition the Court to seek permission to exceed the page length.

Because "the financial burden to an employer may be significantly increased by conditional certification," *Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at *4 (E.D. Wisc. Sept. 11, 2008), Defendants request these additional pages to present to the Court a complete and thorough analysis which appropriately addresses Plaintiffs' Motion.

Defendants submit that their request is reasonable and just in light of Plaintiffs' broad certification request, the potential impact it may have on the landscape of this case, and the "tremendous financial burden" to Defendants of classwide discovery that is at stake. *See Boyd v. Alutiiq Global Solutions, LLC*, No. 11–cv–0753, 2011 WL 3511085, at *6-7 (N.D. Ill. Aug. 8, 2011). Finally, permitting Defendants to file a thorough and complete response will conserve judicial resources should the Court agree with Defendants and deny collective treatment, thereby obviating the need to readdress these issues again at the decertification stage. *See Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, 2011 WL 4351631, at *10 (W.D.N.C. Sept. 16, 2011) ("[T]he Court need not certify the action and facilitate notice where . . . it would inevitably decertify the action in a month's time.").

WHEREFORE, Defendants request that the Court enter an Order permitting Defendants to submit a response to Plaintiffs' Motion not to exceed 25 pages.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Defendants' counsel certifies they made a good faith effort to resolve the matter referred to in this Motion.  Specifically, defense counsel conferred with Plaintiffs' counsel regarding the relief requested in this Motion, and Plaintiffs' counsel agreed.

Dated:  May 27, 2020

Respectfully submitted,

*/s/ Derek E. León*
Derek E. León
Florida Bar No. 625507
Tiffany L. Anderson
Florida Bar No. 83995
John R. Byrne
Florida Bar No. 126294
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:  305.740.1975
Email: dleon@leoncosgrove.com

Email: tanderson@leoncosgrove.com
Email: jbyrne@leoncosgrove.com

Rebecca L. Gibson, Esq. (*Admitted Pro Hac Vice*)
Joel M. Androphy, Esq. (*Admitted Pro Hac Vice*)
Caroline K. Gorman, Esq.
**BERG & ANDROPHY**
3704 Travis Street
Houston, Texas 77002
Telephone: 713-529-5622
Email: rgibson@bafirm.com
Email: jandrophy@bafirm.com

*Counsel for Defendants*

CASE NO.: 0:20-cv-60192-AHS

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which in turn will serve a copy by electronic mail on all counsel or parties of record identified below.

| Dion J. Cassata, Esq.<br>Email: dion@cassatalaw.com<br>CASSATA LAW, PLLC<br>Boca Crown Centre<br>7999 North Federal Highway, Suite 202<br>Boca Raton, FL 33487<br>Tel: (954) 364-7803<br>*Counsel for Plaintiffs* | Andrew R. Frisch, Esq.<br>Email: afrisch@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>8151 Peters Road, 4th Floor<br>Plantation, Florida 33324<br>Tel: 954) 967-5377<br><br>*Counsel for Plaintiffs* |
|---|---|

                                                  */s/ Derek E. León*_____
                                                  Derek E. León