UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

SHANE VILLARINO, *et al.*,

        CASE NO.: 0:20-cv-60192-AHS

    Plaintiffs,

v.

PACESETTER PERSONNEL SERVICE,
INC., *et al.*,

    Defendants.

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING DECISION ON MOTION TO DISMISS**

Defendants, Pacesetter Personnel Service, Inc., Pacesetter Personnel Service of Florida, Inc., Florida Staffing Service, Inc., and Tampa Service Company, Inc. (collectively, "Defendants"), respectfully move this Court to stay all discovery in this action pending a ruling on Defendants' case-dispositive Motion to Dismiss Plaintiffs' First Amended Nationwide Collective and Class Action Complaint ("Motion to Dismiss"). *See* [D.E. 148].

**I.     INTRODUCTION**

Defendants filed a case dispositive Motion to Dismiss in this action arguing four independent bases for dismissal. While awaiting the Court's ruling on the Motion to Dismiss, Plaintiffs propounded 36 separate sets of discovery consisting of 384 requests for production, 192 interrogatories, and 456 requests for admission. None of the information sought in these requests is necessary for the Court to decide the purely legal issues presented in Defendants' Motion to Dismiss. Moreover, it would require a herculean effort to gather the information sought in response to Plaintiffs' expansive requests. The expense and burden of discovery—and the strong

possibility that this action will be entirely dismissed—outweigh any potential inconvenience that a discovery stay may temporarily produce.

## II.  ARGUMENT

### A.  Discovery should be stayed until Defendants' case dispositive Motion to Dismiss is decided.

As the Eleventh Circuit has held, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) ("Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility. Motions to dismiss for failure to state a claim always present[ ] a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court ha[s] any need for discovery before the court rules on the motion.") (internal citations and quotations omitted); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (affirming the district court's imposition of a stay on discovery pending the resolution of the motions to dismiss).  It is well-established that "neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367.  Accordingly, courts in this district recognize that "[p]otentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011); *see also Padilla v. Porsche Cars N. Am., Inc.,* No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) ("[T]he Court finds that a stay of discovery is appropriate until the Court rules on the case dispositive issues raised in Defendant's Motion to Dismiss."); *Staup v. Wachovia Bank, N.A.,* No. 08-60359CUV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16,

2008) (staying discovery pending motion to dismiss because motion was "largely a facial challenge" and "requiring discovery would impose an undue burden on the Defendant").

Defendants move to dismiss for failure to state a claim, and such a motion "always presents a purely legal question" and "no issues of fact." *Chudasama*, 123 F.3d at 1367. "The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Rohn v. Palm Beach Cnty. Sch. Bd.,* No. 11-81408-CIV, 2013 WL 1748791, at *4, n.3 (S.D. Fla. Apr. 23, 2013). Thus, discovery is unnecessary until the Court determines whether the complaint contains a well-pleaded claim. Moreover, even if Defendants' Motion to Dismiss is granted only in part, dismissal of any of Plaintiffs' claims would narrow the issues before the Court, which in turn would narrow the scope of discovery. *See Chudasama*, 123 F.3d at 1368 ("[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

**B.  There is good cause to stay discovery because if the pending Motion to Dismiss is granted it will dispose of the entire action.**

The burden for a stay is not high when a case-dispositive motion has been filed. Indeed, courts apply a two-part test and have routinely held that a "stay of discovery [pending the resolution of a motion to dismiss] is appropriate where the movant shows good cause and reasonableness." *Pierce v. State Farm Mut. Auto. Ins. Co*., No. 14-cv-22691-Williams, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014); *see also Zamber v. Am. Airlines, Inc*., No. 16-CV-23901, 2017 WL 5202748, at *2 (S.D. Fla. Feb. 17, 2017) (citing cases); *Borislow v. Canaccord Genuity Grp. Inc*., No. 14-cv-80134-Ryskamp, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014); *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-cv-82398-Moreno, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010). The first prong—good cause—exists where, as here, a pending motion to dismiss will dispose of the entire action if granted. *See Varga*, 2010 WL 8510622, at

*1 ("[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action."); *Nankivil v. Lockheed Martin, Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (same), *aff'd*, 87 F. App'x 713 (11th Cir. 2003); *Redford v. Gwinnett County Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (holding the court did not abuse its discretion in determining that discovery should be stayed pending resolution on defendants' motion to dismiss where defendants questioned the viability of the plaintiff's complaint); *Zamber*, 2017 WL 5202748, at *4 (finding where motion to dismiss is "hardly frivolous," is well-researched, well-drafted, and generates a "concern" that claims "may be legally insufficient" good cause is shown); *Gill-Samuel v. Nova Biomedical Corp.*, No. 13-cv-62591-Rosenbaum, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2014) (granting stay of all fact discovery until the court ruled on the defendant's motion to dismiss); *Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332, 2011 WL 720462, at *1 (M.D. Fla. Feb. 22, 2011) (granting a motion to stay discovery because defendants raised meritorious challenges to the complaint); *Glynn v. Basil St. Partners, LLC*, No. 209-CV-585, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (granting 60 day stay of discovery pending ruling on motion to dismiss).

Indeed, Defendants have provided the Court with <u>multiple</u> independent bases for dismissal of the entire action. *See* [D.E. 148]. First, Plaintiffs' Amended Complaint is a shotgun pleading that incorporates every antecedent allegation by reference into each subsequent claim for relief. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief."). Second, Plaintiffs fail to satisfy the Eleventh Circuit's plausibility pleading standard. For FLSA claims, Plaintiffs must plead sufficient facts to show "as a matter of just and reasonable inference the

amount and extent of [their] work in order to demonstrate that [they] [were] inadequately compensated under [the] FLSA." *Rance v. Rocksolid Granit USA, Inc.*, 292 Fed. Appx. 1, 2 (11th Cir. 2008). While Plaintiffs generally allege that they performed overtime, they fail to provide enough information for Defendants to ascertain the "amount and extent" of work allegedly performed, i.e., at least one specific workweek where they worked over forty hours. Third, Plaintiffs Laura Johnson, Jeffery Mondy, and Jerome Gunn failed to provide pre-suit notice to Defendants—as required under the FMWA to bring a claim for unpaid minimum wages—and their FMWA claim must be dismissed. *See, e.g., Johnson v. Nobu Associates S. Beach, LP*, No. 10-21691-CIV, 2011 WL 780028, at *3 (S.D. Fla. Feb. 4, 2011), *report and recommendation adopted*, No. 10-21691-CV, 2011 WL 772874 (S.D. Fla. Feb. 28, 2011) (dismissing two plaintiffs' claims under the FMWA because "[t]he statutory language is clear that a pre-suit notice is required prior to allowing an aggrieved person to bring a claim for unpaid minimum wages"). Finally, Plaintiffs' Amended Complaint falls woefully short of establishing Defendants are joint employers of Plaintiffs such that they would each be liable under the FLSA. Indeed, it does not set forth any allegations detailing which, if any, Defendant exercised control over Plaintiffs' work schedules and conditions of employment; whether Plaintiffs executed employment agreements, and if so, with which Defendant; which Defendant supervised Plaintiffs' work; how pay rates were determined and which Defendant executed timesheets; which Defendant signed Plaintiffs' checks and constituted their W-2 employer; which Defendant had the right to hire, fire, or modify the employment conditions of Plaintiffs; which Defendant owned the labor hall locations that Plaintiffs reported to and the equipment Plaintiffs were provided; and which Defendant maintained Plaintiffs' employment records. *See* 29 C.F.R. § 791.2(a)(1)(i)-(iv); *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012).

Thus, a cursory "peek" at Defendants' Motion to Dismiss demonstrates both the merits of dismissal and the dubiousness of Plaintiffs' claims, making a stay of discovery appropriate.

**C. Responding to the discovery would result in considerable expense and be unduly burdensome, rendering it unreasonable.**

The second prong—reasonableness—is met where discovery requests are "expansive," relate to a putative class, and would result in undue expense. *See, e.g., Pierce*, 2014 WL 12528362, at *1. Where a motion to dismiss, like here, challenges the legal sufficiency of a complaint in its entirety, discovery is not needed and is "unduly burdensome pending the resolution of a dispositive motion." *See Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2015 WL 13858826, at *1 (S.D. Fla. May 12, 2015)*; Staup v. Wachovia Bank, N.A.,* No. 08-cv-60359-Cohn, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (granting stay of discovery where discovery was "not needed" for resolution of the pending motion to dismiss "and requiring discovery would impose an undue burden on the Defendant.").

The Eleventh Circuit recognizes the potentially exorbitant costs associated with discovery. *Chudasama*, 123 F.3d at 1367–68. These costs include:

> [T]he time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Id.* All of these costs will be incurred by the parties and the Court in this action. Indeed, Plaintiffs have propounded 36 separate sets of discovery consisting of 384 requests for production, 192

interrogatories, and 456 requests for admission. None of the information sought in these requests is necessary for the Court to decide the purely legal issues presented in Defendants' Motion to Dismiss. The discovery sought by Plaintiffs is incredibly expansive and purports to request information and documents pertaining to tens of thousands of Daily Ticket Laborers throughout the State of Florida over a five-year period. *See, e.g.,* Plaintiff's Interrogatories to Defendant, Florida Staffing Service, Inc., at Interrogatory No. 15 ("Identify all employees who worked as hourly-paid Daily Ticket Laborers employed by Defendants in Florida beginning five years prior to the date the Complaint was filed in this action, up to and including the present, who were subjected to Defendants' policies . . ."), attached as Exhibit 1.

Moreover, Plaintiffs' requests to Defendants come in the midst of a nationwide COVID-19 pandemic, where businesses across the nation (including the States of Texas and Florida where Defendants conduct the majority of their operations) are confronting shut-down orders, limited resources, and a struggling economy. These requests would require the coordination of multiple corporate departments and staff members during a time where in-person contact is restricted and many individuals are working remotely. Courts across the country, including in Florida, have recognized the substantial impact the COVID-19 crisis has had on the status of litigation and granted stays of discovery. *See, e.g., Garbutt v. Ocwen Loan Servicing, LLC*, Case No. 8:20-cv-136-T-36JSS, 2020 WL 1476159, at *2 (M.D. Fla. Mar. 26, 2020) (recognizing that "good cause exists [for a stay of discovery] based on the disruption to business caused by the spread of COVID-19"); *McCleary v. Elekta Inc.*, No. 19-cv-00052, 2020 WL 2134149, at *1 (W.D. La. May 5, 2020) (finding that "when COVID-19 concerns are combined with the possibility that the discovery landscape will be altered should plaintiffs prevail on their pending motion to amend/reconsider, then the parties' interests and judicial economy support entry of a discovery stay"); *Bryant v. Boyd*,

No. 18-cv-117, 2020 WL 1493548, at *2 (E.D. Miss. March 27, 2020) (staying discovery after finding that the defendants' arguments for dismissal were colorable, the breadth of discovery was substantial, "and the Covid-19 pandemic w[ould] only compound the difficulty the parties have experienced obtaining discovery").

In stark contrast to the potentially enormous costs associated with discovery and the undue burden it will impose upon Defendants—which is likely to be unnecessary given the dubious nature of Plaintiffs' claims—the potential "harm" of a discovery stay at this point in the proceedings is minimal. As discussed *supra*, Defendants' Motion to Dismiss is a purely facial attack. Thus, no discovery is necessary to adjudicate the purely legal questions raised by the motion. A brief stay will not interfere with the timely and orderly administration of this case or Plaintiffs' ability to obtain discovery in the event the Court denies Defendants' Motion.

### III.   CONCLUSION

For the reasons stated above, the Court should stay all discovery in this matter until it decides Defendants' Motion to Dismiss.

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Defendants' counsel certifies they made a good faith effort to resolve the matter referred to in this Motion. Specifically, on July 24, 2020, Defendants' counsel spoke with Plaintiffs' counsel regarding whether Plaintiffs objected to the requested relief. On July 28, 2020, Plaintiffs' counsel confirmed that they opposed the relief sought.

Dated: July 28, 2020                    Respectfully Submitted,

By: *s/ Tiffany L. Anderson*
Derek E. León
  Florida Bar No. 625507
Tiffany L. Anderson
  Florida Bar No. 83995
John R. Byrne
  Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Email: dleon@leoncosgrove.com
Email: tanderson@leoncosgrove.com
Email: jbyrne@leoncosgrove.com

Rebecca L. Gibson (*Admitted Pro Hac Vice*)
Joel M. Androphy (*Admitted Pro Hac Vice*)
Caroline K. Gorman (*Admitted Pro Hac Vice*)
**BERG & ANDROPHY**
3704 Travis Street
Houston, Texas 77002
Telephone: 713-529-5622
Email: rgibson@bafirm.com
Email: jandrophy@bafirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2020, I electronically filed the foregoing with the Clerk of the Court with a copy of the same to be served upon counsel via the CM/ECF system:

Dion J. Cassata, Esq.
**CASSATA LAW, PLLC**
Boca Crown Centre
7999 North Federal Highway, Suite 202
Boca Raton, Florida 33487
Email: dion@cassatalaw.com
Phone: 954-364-7803

Andrew R. Frisch, Esq.
**MORGAN & MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
Email: afrisch@forthepeople.com
Phone: 954-967-5377

 *s/ Tiffany L. Anderson*
 Tiffany L. Anderson, Esq.