UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60192-CIV-SINGHAL

SHANE VILLARINO, *et al.*,

    Plaintiffs,

v.

PACESETTER PERSONNEL SERVICE,
INC., *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Nationwide Collective and Class Action Complaint (DE [148]). Plaintiffs Shane Villarino, Laura J. Johnson, Jeffery Mondy, and Jerome Gunn (collectively, "Plaintiffs") filed a four-count First Amended Collective and Class Action Complaint (DE [152]) ("Complaint") on behalf of themselves and all others similarly situated for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA") and Florida's Minimum Wage Act ("FMWA"). They also seek damages for violations of the Florida Labor Pool Act ("FLPA").

Plaintiffs are daily unskilled laborers and Defendants are personnel staffing or "temporary labor" companies which supply general laborers on a temporary/long-term basis to third-party corporate or governmental entity clients. (DE [152], ¶ 1). The Complaint purports to be an "opt-in" nationwide collective action for unpaid minimum

wages and overtime under the FLSA (Counts I and II)[1] and, on behalf of Florida workers, a Rule 23 class action for violations of the FMWA and FLPA (Counts III and IV).

Defendants move to dismiss the Complaint on the grounds that (1) the Complaint is an impermissible "shotgun pleading"; (2) the Complaint fails to plead a plausible claim for unpaid overtime and minimum wages; (3) the Plaintiffs failed to provide the required pre-suit notice to bring a claim under the FMWA; and (4) the Complaint fails to allege facts that would establish Defendants are "joint employers" under the FLSA.  Each ground is addressed separately below.

1. <u>Shotgun Pleading</u>

A shotgun pleading is one that "fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  One "type" of impermissible shotgun pleading is where the allegations of each count are rolled into "every successive count on down the line."  *Id.* at 1324.  Defendants argue that the Complaint is deficient because Plaintiffs incorporate every antecedent allegation by reference into each subsequent claim for relief.  This is incorrect.  The Complaint re-alleges the factual allegations at the beginning of each count; the counts are not re-alleged and re-incorporated into successive counts.  The Eleventh Circuit has expressly stated this pleading tactic does not create a shotgun pleading.  *See Id.* ("Weiland's re-alleging of paragraphs 1 through 49 at the beginning of each count looks, at first glance, like the most common type of shotgun pleading. But it is not.").  Although lengthy, the

---

[1] To date, more than 121 individuals have filed Notices of Consent to join this action as plaintiffs.

factual allegations in the Complaint are clearly stated and well-organized; the Complaint is not a shotgun pleading.

Defendants argue that the factual paragraphs include three distinctive collective and class definitions that are incorporated into all four counts. The Court agrees that certain class definitions only apply to certain counts and it is improper to incorporate all the class definitions into each count. But this defect does not require dismissal of the Complaint. Rather, the Court will require Plaintiffs to amend by interlineation paragraphs 134, 141, 148, and 155 to re-allege only the collective or class allegations pertinent to each count.

    2. <u>Failure to Plead a Plausible Claim for Overtime or Minimum Wage Violations</u>

Defendants argue that the Complaint fails to allege facts that would satisfy the plausibility standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell At'l Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, Defendants argue that Plaintiffs fail to allege an adequate factual basis for their claims that Defendants unlawfully failed to pay overtime or minimum wages.

To state a claim under the FLSA, Plaintiffs must allege that: (1) Defendants employed them; (2) Defendants are an enterprise engaged in interstate commerce covered by the FLSA; (3) each Plaintiff actually worked in excess of a 40–hour workweek; and (4) Defendants did not pay any overtime wages to them. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 (11th Cir. 2008). The Complaint sets forth in great detail facts from which a plausible FLSA claim can be made. In describing the Plaintiff's "typical workweek," the Complaint alleges that Plaintiffs worked long hours as day laborers but were compensated for flat 7 or 8 hours of work, that deductions from their

pay were made for transportation and equipment charges, that timesheets were not maintained, and that the compensation paid failed to satisfy the FLSA's minimum wage and overtime requirements.  *See* Complaint (DE [152]) ¶¶ 58-103).

Defendants rely upon two unpublished[2] Eleventh Circuit cases that do not support their arguments. *Cooley v. HMR of Alabama, Inc.*, 2018 WL 4232041, at *1-2 (11th Cir. 2018), involved alleged unpaid meal breaks.  The district court had dismissed the case, finding that the plaintiffs failed to adequately identify the type of compensable work performed during breaks.  The Eleventh Circuit reversed, stating that the nature of the compensable work was adequately alleged.  Nothing in *Cooley* changed or heightened the pleading standards in FLSA cases.

The second case, *Rance v. Rocksolid Granit USA Inc.,* 292 Fed. Appx. 1 (11th Cir. 2008), involved a pro se plaintiff who claimed not to have been paid for working a portion of one day.  His complaint attached an email exchange with the purported employer in which the plaintiff inquired about when he would get paid.  The employer responded, via email, "How many hours did you end up working that day? Let me know and I will get a check out."   The complaint did not allege that the plaintiff ever responded to the employer's message.  The Eleventh Circuit affirmed dismissal of the complaint: "In light of this email correspondence [with Defendant], Rance has failed to demonstrate that any inadequate compensation was a result of [Defendant's] actions, rather than his own." *Id.* at *2.  The *Rance* decision did not alter the requirements for pleading an FLSA claim.

---

[2] Eleventh Circuit Rule 36-2 provides that unpublished opinions are not considered binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2. Unpublished opinions are persuasive only insofar as their legal analysis warrants. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (*citing United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004)).

4

Neither the holdings nor the legal analysis of *Cooley* and *Rance* support Defendants' Motion to Dismiss. The Complaint as drafted meets the pleading requirements for an unpaid overtime and minimum wage claim.

3. <u>Notice of FMWA violation</u>

Count III of the Complaint seeks damages under the FMWA and Article X, § 24 of the Florida Constitution.  Defendants move to dismiss Plaintiffs' FMWA claim for failure to provide the required notice:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to [§448.10], the person aggrieved shall notify the employer alleged to have violated this section, in writing of an intent to initiate such an action.  The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of the alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a).  After receiving the notice, the employer has 15 calendar days to resolve the matter before the aggrieved employee may file suit.  Fla. Stat. § 448.110(6)(b).

Although Plaintiffs alleged in the Complaint that notice under FMWA had been given (DE [152] ¶ 10), Defendants move to dismiss the claim for failure to give notice. Defendants' Motion to Dismiss includes as an exhibit[3] a document which purports to be a September 24, 2019 Pre-Suit Notice Letter sent to Defendants by Plaintiffs' counsel.[4] The letter makes a demand under the FMWA on behalf of two of the named Plaintiffs –

---

[3] "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).
[4] Defendant Tampa Service Company, Inc., was not included in the September 19, 2019 letter.

5

Shane Villarino and opt-in Plaintiff Joshua M. Iacino – as well as a putative class of 8000 members (DE [148-1]). The letter demands in excess of $25 million to resolve the FMWA claims, but does not specifically list the other named or opt-in plaintiffs.

In response, Plaintiffs argue that the FMWA pre-suit notice requirements are not applicable or have been satisfied. A minority of federal courts have held the notice requirement of the FMWA unconstitutional because it added a requirement restricting a right to a minimum wage previously granted by the Florida Constitution, Article X, Section 24. *See Throw v. Republic Enterprise Systems, Inc.*, 2006 WL 1823783 (M.D. Fla. Jun. 30, 2006) (finding notice unnecessary to bring a claim under Section 24, Article X of the Florida constitution). Other courts, however, have examined the issue and concluded that "section 448.110(6)(a)'s pre-suit notice requirement is constitutional and applies to both claims under the FMWA and Article X, Section 24, of the Florida Constitution." *Smith v. Heritage Health Care Ctr.,* 2017 WL 10841212, at *4 (N.D. Fla. Aug. 2, 2017); *Garcia-Celestino v. Ruiz Harvesting, Inc.,* 2013 WL 3816730, at *16–17 (M.D. Fla. July 22, 2013) ("Allowing a cause of action to proceed under the Amendment without meeting the notice requirement renders Section 448.110(10) and the FMWA meaningless."); *Dominguez v. Design by Nature Corp.*, 2008 WL 4426721, at *3 (S.D. Fla. Sept. 25, 2008) (section 448.110(6)(a) and Section 24 can be reconciled). This Court agrees with Defendants that notice is required for Plaintiffs' state law claims under both the FMWA and the Florida Constitution.

Furthermore, for purposes of this motion, the Court concludes that Plaintiffs have satisfied the notice requirement. Neither party has presented any case law concerning the statutory notice requirement and the realities of class action litigation. Taking

Defendants' position to the extreme, maintenance of a class action under the FMWA would require notice from every putative class member before suit is filed. The Court has not been presented with any argument or case law on this issue and cannot make a determination without further briefing. The parties may raise the issue on summary judgment.

### 4. Whether Defendants Are Joint Employers

Defendants' final ground for dismissal is that Plaintiffs failed to plausibly plead that Defendants are joint employers. Defendants appear to challenge the sufficiency of the allegations of both the existence of an employment relationship between Plaintiffs and Defendants and the existence of joint employer status among the Defendants. In either instance, the Complaint alleges sufficient facts to withstand a motion to dismiss.

Under the FLSA, an "enterprise" is defined as "related activities (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units. . . ." 29 U.S.C. § 203(r)(1). The "statutory provision requires the existence of three elements: (1) related activities; (2) unified operation or common control; and (3) a common business purpose." *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984). "[I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act." *Hernandez v. Art*

7

*Deco Supermarket,* 2013 WL 5532828, at *3 (S.D. Fla. Oct. 4, 2013) (quoting 29 C.F.R. 791.2(a)).

Plaintiffs allege that each Defendant constituted an employer within the meaning of the FLSA (¶ 22) and that the Defendants operated as a joint enterprise and/or integrated enterprise as defined by the FLSA (¶ 38, 39). The Complaint (DE [152]) alleges that the corporate Defendants have had common ownership, common management, common branding, common pay and employment practices and policies, a common business purpose and model, interrelation between operations, and centralized control of labor relations (¶ 19) and sets forth specific factual support for those allegations (¶39-52). In addition, the Complaint describes the "typical" workday, the assignment of work locations, and the pay mechanism for the unskilled laborers in great detail (¶¶ 57-103). The Court cannot, at this stage, find that Plaintiffs failed to allege sufficient facts demonstrating that Defendants are joint employers.

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE [148]) be and the same is **GRANTED IN PART AND DENIED IN PART.** Plaintiffs shall amend paragraphs 134, 141, 148, and 155 of the Complaint (DE [152]) by interlineation to re-allege only the collective or class allegations pertinent to each count. The interlineation

shall be filed no later than **August 26, 2020.** The Motion to Dismiss is otherwise **DENIED.** Defendants shall file an Answer to the Complaint as interlineated by **September 9, 2020.**

  **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of August 2020.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE