UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:20-cv-60192-AHS

SHANE VILLARINO, an individual;
JEFFERY MONDY, an individual;
JEROME GUNN, an individual;
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.                                                                                                **Class and Collective Action**

PACESETTER PERSONNEL SERVICE, INC., *et al.,*

    Defendants.
_____/

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

Plaintiffs, Shane Villarino, Jeffery Mondy, Laura J. Johnson and Jerome Gunn, and the over 130 Opt-In Plaintiffs who have filed their Notices of Consent to Join in this action (collectively "Plaintiffs"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 37, the Local Rules of this Court and the Court's Scheduling Order [DE 136], file this this Motion to Compel Better Responses to Plaintiffs' Second Request for Production and in support thereof state:

**FACTUAL BACKGROUND**

On or around January 13, 202, Plaintiffs served their Second Request for Production upon Defendants. Among the requests to Defendants were the following:

> *Request No. 11:*    *The complete personnel files for all individuals who have filed their Notices of Consent to Join in this action.*
>
> *Request No. 12.*    *The pay records from January 30, 2015 through the present for all individuals who have filed their Notices of Consent to Join in this action.*

> *Request No. 13.*     To the extent already not produced, all daily paystubs for all Named Plaintiffs and all the individuals who have thus far filed their Notices of Consent to Join in this case.

On February 12, 2021, Defendants objected to all three (3) of these requests with the same objection, stating that the requests were "premature and overly broad" and that "The Court has not yet ruled on Plaintiffs' Expedited Motion for Conditional Certification of FLSA Collective Action and to Permit Notice and Incorporated Memorandum of Law ("Conditional Certification Motion"). See [D.E. 151]. Defendants will comply with any Court Order granting Plaintiffs' Conditional Certification Motion and/or requiring them to provide employee data."[1]

As detailed below, Defendants also objected to other reasonable requests for documents. Pursuant to binding Eleventh Circuit authority, the opt-in Plaintiffs are parties to this case and Defendants' objections to production of the requested documents are baseless. Undersigned counsel has conferred by telephone with defense counsel in an attempt to secure the above information informally. Notwithstanding, Defendants have refused to provide same, necessitating this Motion.

## MEMORANDUM OF LAW

**A.**    **Plaintiffs are Entitled to the Discovery Sought with Respect to Requests 11, 12 and 13.**

As of this filing, 139 individuals have filed Notices of Consent to Join in this case. It is settled law in the Eleventh Circuit that the filing of a Notice of Consent to Join in a case arising under the Fair Labor Standards Act of 1938, as amended 29 U.S.C §201 *et seq.*, (hereinafter the "FLSA") confers party-plaintiff status on the individual filing the notice. *Mickles v. Country Club Inc.,* 887 F.3d 1270, 1273 (11th Cir. 2018) ("We conclude that filing a written consent pursuant to § 216(b) is sufficient to confer party-plaintiff status."). "The plain language of §

---

[1] Defendants' Responses to Plaintiffs' Second Request for Production are attached hereto as Exhibit 1.

216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required." *Id.* at 1278. *See also Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003) ("by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs").

As these individuals **are** party-plaintiffs, they are entitled to seek discovery just like any other party. Thus, the inquiry here is to determine whether the requested documents are relevant, appropriate and "proportional to the needs of the case." Fed. R. Civ. P 26(b)(1).

The instant litigation brings wage and hour claims pursuant to the FLSA, as well as claims under the Florida Minimum Wage Act ("FMWA"), *Fla. Stat.* §448.110 *et seq.* and Florida's Labor Pool Act of 1995 (the "Labor Pool Act" or "FLPA"), §448.20 *et seq*. Clearly, this case is an employment case and those who filed their Notices of Consent are current and former employees of Defendants. These individuals are asking Defendants to simply produce their individual pay records, pay stubs, and any personnel files. These records couldn't be any more logically relevant to the legal claims at issue.

There is simply no reasonable justification for Defendants to have objected to these requests. As such, Plaintiffs' counsel should be awarded their reasonable attorneys' fees and costs incurred in having had to file this Motion with respect to Requests 11, 12 and 13.[2]

---

[2] Plaintiffs intend to move for an Order (or stipulation) limiting discovery to a representative sample once the Court grants Plaintiffs' pending Motion for Conditional Certification because the potential collective is comprised of roughly 75,000 daily ticket workers just between 2017 and 2019. *See Declaration of Plotkin* [DE 173.1, P.2]. However, at this time, prior to such an Order/stipulation, all of the opt-ins are entitled to utilize discovery to ascertain information pertaining to their claims.

**B.     Defendants Should Also Be Ordered to Produce Documents Responsive to Request No. 1**

Plaintiff's Request for Production No. 1 was as follows:

*REQUEST FOR PRODUCTION NO. 1:*

*Any and all contracts (and any attachments) executed since January 30, 2015 between "Pacesetter" and any of the following entities and/or their affiliates:*

a)   *Kast Construction (a term which for the purposes of this request includes KAST CONSTRUCTION, LLC, KAST CONSTRUCTION COMPANY LLC; KAST CONSTRUCTION HOLDINGS, LLC; KAST CONSTRUCTION III LLC; KAST CONSTRUCTION IV, LLC and/or any related entities).*

*b) Miller Construction*
*c) Suffolk Construction*
*d) Butters Construction*
*e) Kaufman & Lynn*
*f) Stiles Construction Division*
*g) The Douglas Company*
*h) City of Boca Raton*
*i) City of Pompano Beach*

Defendants response was as follows:

*RESPONSE TO REQUEST FOR PRODUCTION NO. 1:*

*Defendants object to this Request as contracts with clients are neither relevant to Plaintiff's claims nor proportional to the needs of the case. Further, Defendants object on the basis that the Request seeks the production of documents that contain confidential business, proprietary information, or trade secrets and are subject to the terms of a confidentiality agreement.*

The Court should order Defendants to produce these contracts. Plaintiffs seek copies of these contracts because they almost assuredly contain provisions regarding the very "daily ticket" workers at issue in this case. The contracts are agreements between Pacesetter and its clients in south Florida and detail the terms under which Pacesetter is to supply daily ticket workers on a daily basis to these entities. Based on publicly available information, it appears that some if not all of the contracts contain requirements regarding: how workers are to be

transported to and from job sites; what tools, equipment and safety gear/ attire workers are expected to bring to job sites each day; what time worked "counts" as compensable hours worked; how worker time is to be tracked and recorded; how long breaks and lunch breaks are to be and how they are to be recorded, as well as a host of other possibly relevant subjects, etc. These facts are critical to the resolution of the legal issues in this case, chiefly the compensability of certain wait and travel time.

In conferring with defense counsel, undersigned offered to have the contracts be subject to a confidentiality agreement, or a "for attorneys' eyes only" agreement, or to have Defendants produce redacted contracts with financial or other arguably sensitive information redacted. However, Defendants still refused to produce the highly material contracts in the absence of Court order compelling them to do so.

It should be noted two of the entities listed above are cities (Boca Raton and Pompano Beach). Any contract that Defendants have with these governmental entities would presumably be public record. Additionally, many of the construction job sites operated by the private construction contractors listed above were and are public buildings, and there was presumably a competitive bidding process for the general laborers Pacesetter provides. Thus, there can be no good faith basis for Defendants' reticence to produce the contracts.

**WHEREFORE**, Plaintiffs respectfully request this Court grant this Motion to Compel at to Requests 1, 11, 12 and 13, order Defendants to produce the records sought withing a reasonable time frame, and to pay Plaintiffs' reasonable attorneys' fees and costs incurred in having had to compel the documents sought with respect to Requests 11, 12 and 13, and to issue any other relief that is just and proper.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Rule 7.1 of the Local Rules for the Southern District of Florida and the Court's Scheduling Order [DE 136] directives regarding discover disputes (see p. 6), the undersigned certifies that he conferred with counsel for Defendants, and is authorized to represent that Defendants oppose the relief sought herein.

Dated:  March 15, 2021        Respectfully submitted,

        BY:    *s/Andrew R. Frisch*
                Andrew R. Frisch, Esq.
                Florida Bar No.: 27777
                afrisch@forthepeople.com

MORGAN & MORGAN, P.A.
8581 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone:  (954) WORKERS
Facsimile:  (954) 327-3013

        BY:    *s/Dion J. Cassata*
                Dion J. Cassata, Esq.
                Fla. Bar No. 672564
                *dion@cassatalaw.com*

CASSATA LAW, PLLC
Boca Crown Centre
7999 North Federal Highway, Suite 202
Boca Raton, Florida 33487

Telephone:    (954) 364-7803

*Counsel for Plaintiffs and the Collective*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/Dion J. Cassata*
Dion J. Cassata