# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

SHANE VILLARINO, *et al*.,

                                           CASE NO.: 0:20-cv-60192-AHS

       Plaintiffs,

v.

PACESETTER PERSONNEL SERVICE,
INC., *et al*.,

       Defendants.

_____/

## DEFENDANT PACESETTER PERSONNEL SERVICE, INC.'S RESPONSE TO PLAINTIFF JEFFERY MONDY'S INTERROGATORIES

Defendant Pacesetter Personnel Service, Inc. ("Defendant"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, by and through undersigned counsel, hereby responds to Plaintiff, Jeffery Mondy's ("Plaintiff") Interrogatories served on July 21, 2020, as follows:

## RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

With respect to your current or former employees, please identify all individual(s) who for the three (3) year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of the records of the Plaintiff: (i) the number of hours worked by Plaintiff each work day and work week; (ii) Plaintiff's rate of regular and overtime pay; and (iii) the amount of regular and overtime pay earned by Plaintiff.

### RESPONSE:

Defendant states that several of its employees have participated in the maintenance of Plaintiff's employment records within the past three years, including employees at local Pacesetter

branches and employees at Pacesetter's corporate headquarters.  Moreover, several employees have access to Pacesetter's software program, TempTrac, which calculates an employee's overtime rate based on the employee's hours and rates of pay for the given workweek. Ultimately, Gracie Hernandez, in her capacity as Director of Human Resources, maintained Plaintiff's personnel file and Daily Time Tickets.

**INTERROGATORY NO. 2:**

State with specificity and in detail the time, form, manner and amount in which Plaintiff is or was compensated by Defendant. Your response should specifically state the basis for the rate of such calculation (if the amount changed over time, state each amount, and when the amount changed), and include in detail whether Plaintiff was paid on an hourly wage, by salary, pursuant to a piece rate method of compensation plan, or other compensation policy.

**RESPONSE:**

Plaintiff was paid an hourly wage based on the day's job assignment. The hourly wage varied, but was never less than the federally mandated minimum wage or the state minimum wage in the event that was higher.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to his Ticket Report, to be produced with the responses to Plaintiff's First Request for Production to Defendant.

**INTERROGATORY NO. 3:**

State with specificity and in detail the terms of all agreements or understandings between the Defendant and Plaintiff regarding the basis of Plaintiff's compensation, and describe the records and documents upon which you rely in responding to this Interrogatory.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to his Employment Contract (DEFENDANT000631), the Payroll Deduction Authorization (DEFENDANT000634), the Transportation Agreement (DEFENDANT000639), and the Sign-In Policy (DEFENDANT000642), produced on April 16, 2020.

**INTERROGATORY NO. 4:**

State with specificity and in detail the terms of all agreements or understandings between Defendants and Plaintiff regarding charges Plaintiff was subject to, including but not limited to charges for transportation, equipment and/or tools that Plaintiff was subjected to during his employment.

**RESPONSE:**

Defendant objects to Interrogatory No. 4 as phrased in that Plaintiff was not charged for "equipment and/or tools." Subject to, and without waiving the foregoing objection, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to his Employment Contract (DEFENDANT000631), the Payroll Deduction Authorization (DEFENDANT000634), the Transportation Agreement (DEFENDANT000639), and the Welcome to PPS Company Policies and Procedures (DEFENDANT000641), produced on April 16, 2020.

**INTERROGATORY NO. 5:**

If Defendant maintains records, the number of hours worked by Plaintiff (in whole or in part), describe those records and the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place at which such records are maintained, and identify the person(s) who has custody of such records. Alternatively if Defendant does not maintain such records please state such.

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to his Daily Time Tickets (DEFENDANT000649-DEFENDANT000921), produced on April 16, 2020.  Gracie Hernandez, in her capacity as Director of Human Resources, maintains custody of Plaintiff's Daily Time Tickets which are maintained electronically.

**INTERROGATORY NO. 6:**

If Defendant claims that it relied upon any ruling, regulation or interpretation or decision of any kind issued, promulgated or drafted by the United States Department of Labor, in support of their policies at issue whereby they: (a) do not compensate Plaintiff for wait time; (b) do not compensate Plaintiff for travel time; (c) charge Plaintiff for transportation; and/or (d) charge Plaintiff for rental or purchase of protective gear, work equipment, or tools, describe and provide the citation of all such documents.

**RESPONSE:**

Defendant objects to Interrogatory No. 6 as phrased.  Defendant did not "charge Plaintiff for rental or purchase of protective gear, work equipment, or tools."  Subject to, and without waiving the foregoing objection, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the DOL's Compliance Action Report ("CAR") and FLSA Narrative summarizing its 2016-2018 investigation at Pacesetter's Orlando branch. *See* [D.E. 179-2].  The DOL found that "the time waiting for assignment or travelling from the central location to the worksite is not compensable."  *See* [D.E. 179-2] at 6.  The investigation concluded that "[n]o violations of Section 6 of the FLSA were found," and "[n]o violations of Section 7 of the FLSA were found."  *See* [D.E. 179-2] at 6.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

**INTERROGATORY NO. 7:**

If Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or a private individual or has received a claim by or demand from any employee regarding minimum wage or overtime compensation within the last ten (10) years, state the name of the claimant for the suit, claim and/or investigation and describe in detail the factual basis of the suit, claim and/or investigation.

**RESPONSE:**

Defendant objects to Interrogatory No. 7 because it is overbroad in seeking claims and demands against "any entity owned in whole or in part by Defendant" and claims within "the last (10) ten years."  Subject to, but without waiving the foregoing objection, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the DOL's Compliance Action Report ("CAR") and FLSA Narrative summarizing its 2016-2018 investigation at Pacesetter's Orlando branch.  *See* [D.E. 179-2].  The investigation concluded that "[n]o violations of Section 6 of the FLSA were found," and "[n]o violations of Section 7 of the FLSA were found."  *See* [D.E. 179-2] at 6.  Defendant further refers Plaintiff to *Castilla v. Pacesetter Personnel Service of Florida Inc.*, *et al.*, Case No. 9:18-cv-81431-RLR, Southern District of Florida; and *Vaughn v. Pacesetter Personnel Service of Florida, Inc.*, *et al.*, Case No. 3:14-cv-00351-MCR-CJK, Northern District of Florida.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant will produce copies of the complaints.

**INTERROGATORY NO. 8:**

State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person which in any way concerns the facts of this case or the matters alleged in your pleadings.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

(a)   If your answer is in the affirmative, separately identify the author of each such statement, report memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the twenty-seven declarations filed with the Court on June 1, 2020.  *See* [D.E. 173-1] to [D.E. 173-27].  The declarations were provided to Pacesetter's counsel and prepared on the date above the declarant's signature.

**INTERROGATORY NO. 9:**

Please identify the person or persons most instrumental in crafting, creating or developing Defendant's pay policies, including the pay policies at issue as it applied to Plaintiff during the five (5) years immediately preceding the filing of this lawsuit.

**RESPONSE:**

Defendant states that several of its employees assisted with crafting, creating, or developing its pay policies over the last five years, including employees at local Pacesetter branches and employees at Pacesetter's corporate headquarters.

**INTERROGATORY NO. 10:**

Separately identify each and every person who is known or believed by Defendant to have knowledge of the amount paid to Plaintiff and/or the hours worked by Plaintiff, and for each such person, summarize the nature and substance of their knowledge.

**RESPONSE:**

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Defendant states that in addition to Plaintiff, several of its employees may have knowledge of the amount paid to Plaintiff and/or the hours worked by Plaintiff, including employees at local Pacesetter branches and employees at Pacesetter's corporate headquarters.  Moreover, Defendant's customers at the individual worksites where Plaintiff worked have knowledge of the amount paid to Plaintiff and/or the hours worked by Plaintiff.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the Daily Time Tickets (DEFENDANT000649-DEFENDANT000921), produced on April 16, 2020.  The supervisor identified on each Daily Time Ticket has knowledge of the hours worked by Plaintiff on the given day.  Gracie Hernandez, in her capacity as Human Resources Director, has knowledge of the amount paid to Plaintiff.

**INTERROGATORY NO. 11:**

With respect to each and every affirmative defense or counterclaim raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the facts which support such defense or counterclaim.

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to its Answer and Affirmative Defenses [D.E. 197] which speaks for itself as to the factual and legal support for Defendant's affirmative defenses. Ken Joekel and Marc Plotkin have knowledge of the factual support for certain of the affirmative defenses.

**INTERROGATORY NO. 12:**

Please state in detail, any factual basis Defendant relies upon in meeting their burden of proof and demonstrating the requisite "good faith" to avoid the imposition of liquidated damages. (i.e.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

attorney consult, DOL opinion letter, accountant consult, etc.) *See Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987).

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the DOL's Compliance Action Report ("CAR") and FLSA Narrative summarizing its 2016-2018 investigation at Pacesetter's Orlando branch. *See* [D.E. 179-2]. The investigation concluded that "[n]o violations of Section 6 of the FLSA were found," and "[n]o violations of Section 7 of the FLSA were found." *See* [D.E. 179-2] at 5.

**INTERROGATORY NO. 13:**

Identify any and all non-privileged documents upon which Defendant relied in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that such document relates to.

**RESPONSE:**

Defendant refers Plaintiff to the individual responses, *supra*, which identify and incorporate by reference the documents relied upon.

**INTERROGATORY NO. 14:**

Identify all people who assisted in the preparation of Defendant's response to Interrogatories.

**RESPONSE:**

Defendant states that several of its employees and representatives contributed input to one or more of the answers to these Interrogatories. In many instances, their input was derived from information obtained, in turn, from their inquiries to yet other individuals. This input was ultimately compiled by Defendant's counsel. Subject to, and without waiving the foregoing objections, Defendant refers Plaintiff to the verification page.

## INTERROGATORY NO. 15:

Identify all employees who worked as hourly-paid Daily Ticket Laborers employed by Defendants in Florida beginning five years prior to the date the Complaint was filed in this action, up to and including the present, who were subjected to Defendants' policies whereby such Daily Ticket Laborers: (a) were not compensated for wait time; (b) were not compensated for travel time; (c) were charged for transportation to/from one or more jobsites; and/or (d) were charged for rental or purchase of protective gear, work equipment, or tools.

## RESPONSE:

Defendant objects to Interrogatory No. 15 as premature and overly broad in seeking "all employees who worked as hourly-paid Daily Ticket Laborers employed by Defendants in Florida beginning five years prior to the date the Complaint was filed in this action, up to and including the present." The Court has not yet ruled on Plaintiffs' Expedited Motion for Conditional Certification of FLSA Collective Action and to Permit Notice and Incorporated Memorandum of Law ("Conditional Certification Motion"). *See* [D.E. 151]. Defendant further objects to Interrogatory No. 15 as phrased because Daily Ticket Laborers were not "charged for rental or purchase of protective gear, work equipment, or tools." Defendant will comply with any Court Order granting Plaintiffs' Conditional Certification Motion and/or requiring them to provide employee data.

## INTERROGATORY NO. 16:

Please outline, define or otherwise describe in detail the particulars of this "comprehensive employee transport system" and identify any documents which would reference this employee transport system.

9

**RESPONSE:**

Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the

Transportation Agreement (DEFENDANT000639), produced on April 16, 2020.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

**Verification**

_____
Signature

_____
Print Name

STATE OF _____)

         ) SS}

COUNTY OF _____)


   SWORN TO AND SUBSCRIBED before me this ___ day of _____, 2020. The Affiant, _____, is [ ] personally known to me or [ ] has Produced _____ as identification, which is current or has been issued within the past five years and bars a serial number or other identifying number.

_____
NOTARY PUBLIC

STATE OF _____ AT LARGE

My Commission Expires: _____

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM

Dated: September 8, 2020                    Respectfully Submitted,


By: *s/ Tiffany L. Anderson*
Derek E. León
 Florida Bar No. 625507
Tiffany L. Anderson
 Florida Bar No. 83995
John R. Byrne
 Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:  305.740.1975
Email: dleon@leoncosgrove.com
Email: tanderson@leoncosgrove.com
Email: jbyrne@leoncosgrove.com

Rebecca L. Gibson, Esq. (*Admitted Pro Hac Vice*)
Joel M. Androphy, Esq. (*Admitted Pro Hac Vice*)
Caroline K. Gorman, Esq. (*Admitted Pro Hac Vice*)
**BERG & ANDROPHY**
3704 Travis Street
Houston, Texas 77002
Telephone:  713-529-5622
Email: rgibson@bafirm.com
Email: jandrophy@bafirm.com
***Counsel for Defendants***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2020, I served the foregoing responses upon

counsel identified below via email:

Dion J. Cassata, Esq.                        Andrew R. Frisch, Esq.
**CASSATA LAW, PLLC**                        **MORGAN & MORGAN, P.A.**
Boca Crown Centre                            8151 Peters Road, 4th Floor
7999 North Federal Highway, Suite 202        Plantation, FL 33324
Boca Raton, Florida 33487                     Email: afrisch@forthepeople.com
Email: dion@cassatalaw.com                    Phone: 954-967-5377
Phone: 954-364-7803


                                             *s/ Tiffany L. Anderson*
                                             Tiffany L. Anderson, Esq.

LEÓN COSGROVE, LLP
255 ALHAMBRA CIR. I 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM