**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 0:20-CIV-60192-AHS**

SHANE VILLARINO, *et al*.,

      Plaintiffs,

v.

PACESETTER PERSONNEL SERVICE, INC., *et al*.,

      Defendants.

_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON CLASS CERTIFICATION [D.E. 601][1]

Defendants Pacesetter Personnel Service, Inc., Pacesetter Personnel Service of Florida, Inc., Florida Staffing Service, Inc., and Tampa Service Company, Inc., (collectively, "Defendants"), bring this Reply In Support of Motion for Reconsideration of Order on Class Certification [D.E. 601] and would show as follows.

## BACKGROUND

On May 20, 2022, the Court issued an Order [D.E. 601] ("the 601 Order") in response to Plaintiffs' Motion for Class Certification. [D.E. 520.]. The 601 Order denied class certification to all but one sub-class: "those employees who worked at Defendants' Fort Lauderdale, Florida location, located at 381 East Commercial Boulevard, Fort Lauderdale, Florida 33334 from January 29, 2016, to the location's closure ("the Commercial Boulevard Class")." [D.E. 601 at 15.]

---

[1] Defendants' Motion for Reconsideration [D.E. 611] requests that the Court reconsider its Order at D.E. 601 and further order the Plaintiffs to provide a trial plan. As explained herein, through this Reply Defendants are withdrawing their request for the Court to reconsider its Order at D.E. 601 but are still requesting that the Court order a trial plan.

On June 21, 2022, Defendants filed their Motion for Reconsideration of Order on Class Certification [D.E. 611] ("the Motion"), requesting that the Court either reconsider the 601 Order or, in the alternative, require Plaintiffs to produce a trial plan detailing how they will try this case on a common basis at trial or, stated differently, "how this case, with its individualized claims and defenses, would be tried." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1279 (11th Cir. 2009).

Defendants now withdraw the Motion to the extent it sought reconsideration of the 601 Order but[2] maintain it insofar as it requests an order requiring Plaintiffs to submit a trial plan.

## ARGUMENT

Plaintiffs argue that Defendants' request for a trial plan "conflicts" with the scheduling orders already in place. *See* Plaintiffs' Response in Opposition to Defendants' Motion for Reconsideration [DE 611] of the Court's Order on Class Certification [DE 601] at 9 ("the Response") [D.E. 617.] This Court's previous trial order mandates the creation of a joint pre-trial stipulation along with proposed jury instructions and verdict form. *See* [D.E. 599] (stating that pretrial stipulation is to be filed by October 25, 2022) *and* [D.E. 504] (stating that the joint pre-trial stipulation includes proposed jury instructions and verdict form[3]). However, the pre-trial stipulation is not sufficient to demonstrate how Plaintiffs intend to try this class—which is rife with individual issues—on a class basis. Nor would such a pre-trial stipulation address how this

---

[2] Defendants reserve the right to file a motion for decertification and note that the Court may review its previous orders on certification at any time. *Saade v. Insel Air*, No. 17-22003-Civ, 2020 U.S. Dist. LEXIS 87283, at *4 (S.D. Fla. May 15, 2020) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

[3] D.E. 504 also states that the pre-trial stipulation should include "proposed findings of fact and conclusions of law, as applicable," but Defendants anticipate a jury trial, not a bench trial. [D.E. 1.]

class can be tried on a class basis without denial of Defendants' due process rights to cross-examine each individual witness. Indeed, this is precisely why trial plans are common in district courts in Florida in cases involving class certification—a point which Defendants made in their Motion but which Plaintiffs leave entirely unaddressed. *See* Motion at 13 (citing \ *In re Checking Acct. Overdraft Litig.,* 281 F.R.D. 667, 680 (S.D. Fla. 2012) (noting that trial plan was attached in appendix to Plaintiffs' Motion for Class Certification); *N. Star Cap. Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1338 (M.D. Fla. 2009) (encouraging counterclaim plaintiffs to submit a trial plan with their motion for class certification); *In re Brinker Data Incident Litig.,* No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508, at *11 (M.D. Fla. Apr. 14, 2021) (refusing to certify class as to the breach of implied contract claim without a trial plan); *James D. Hinson Elec. Contracting Co. v. BellSouth Telecommunications, Inc.,* 642 F. Supp. 2d 1318, 1328 (M.D. Fla. 2009) ("The Court would expect plaintiff to submit a trial plan with its motion to certify a class")).

The Southern District of Florida and the Middle District of Florida both have rules requiring extensive pre-trial stipulations. *See* Southern District of Florida Local R. 16.1(e) *and* Middle District of Florida Local R. 3.06(b). These extensive and mandatory pre-trial stipulations did not prevent the courts in the aforementioned cases from requiring a trial plan because a trial plan—which here would address the unique problems of class actions—does not address the same issues as a pre-trial stipulation.

Finally, Plaintiffs claim that they will work together with Defendants to produce the pre-trial stipulations, but Plaintiffs *already* refused to provide a trial plan. In Defendants' Second Interrogatories, Defendants requested that Plaintiffs "describe [their] trial plan for adjudicating the claims contained in the Complaint on a collective basis." *See* Ex. 1 at 2 (Plaintiffs' Responses to

Defendants' Second Interrogatories). Plaintiffs refused. *Id.* Plaintiffs' previous refusal belies their claims that they will work together with Defendants on this crucial issue.

## **CONCLUSION**

For the foregoing reasons, the undersigned respectfully request an order (1) denying as moot Defendants' Motion for Reconsideration of Order on Class Certification [D.E. 611] insofar as it sought reconsideration of the 601 Order; (2) requiring Plaintiffs to produce a trial plan; and (3) awarding such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of August, 2022.

By: *s/ Ronald J. Tomassi, Jr.*
Derek E. León, Esq.
 Florida Bar No. 625507
Ronald J. Tomassi, Jr.
 Florida Bar No. 29751
LEÓN COSGROVE, LLP
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:  305.740.1975
Email: dleon@leoncosgrove.com
Email: rtomassi@leoncosgrove.com

Joel M. Androphy, Esq.
Caroline Gorman, Esq.
BERG & ANDROPHY
3704 Travis Street
Houston, Texas 77002
Telephone:  713-529-5622
Email: cgorman@bafirm.com
Email: jandrophy@bafirm.com
Admitted Pro Hac Vice

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 1, 2022, I electronically filed the foregoing with the

Clerk of the Court with a copy of the same to be served upon counsel via the CM/ECF system:

Dion J. Cassata, Esq.
**CASSATA LAW, PLLC**
Boca Crown Centre
7999 North Federal Highway, Suite 202
Boca Raton, Florida 33487
Email: dion@cassatalaw.com
Phone: 954-364-7803

Andrew R. Frisch, Esq.
**MORGAN & MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324
Email: dion@cassatalaw.com
Phone: 954-967-5377

By: *s/ Ronald J. Tomassi, Jr.*
Ronald J. Tomassi, Jr.

5