UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60192-CIV-SINGHAL/VALLE

SHANE VILLARINO, *et al.*,

    Plaintiffs,

v.

PACESETTER PERSONNEL SERVICE, INC.,
*et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Sanctions (DE [598]) arising from Defendants' alleged failure to comply with discovery obligations. The matter is fully briefed and ripe for review. For the reasons discussed below, the motion is granted in part and denied in part.

This is a collective action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA), and a class action for damages under the Florida Labor Pool Act, Fla. Stat. § 448.20 *et seq*. Plaintiffs are day laborers who allege, in part, that Defendants deducted transportation and equipment charges from their gross pay which resulted in violations of the minimum wage provisions of the FLSA.

On April 26, 2022, Plaintiffs obtained, through a Freedom of Information Act ("FOIA") request, a copy of a U.S. Department of Labor Compliance Action Report (DE [585] Ex. 1) of a wage and hour investigation into Defendants' Houston, Texas location ("DOL Houston Report") for the years 2001 to 2003.[1] The report found that Pacesetter "failed to pay minimum wage to 432 employees by deducting transportation

---

[1] The FOIA request also produced 10 other DOL investigations into Defendants' labor practices that had not been disclosed in discovery. (DE 598]). One investigation ended in 2018; the remainder ended between 2006 and 2016. The bulk of Plaintiffs' Motion addresses the DOL Houston Report.

and personal equipment fees from their gross earnings. Employee wages were brought back up to minimum wage by adding the minimum wage differential to their gross earnings…." *See* DOL Houston Report, p. 2 (DE [585], Ex. 1). The total underpayment was $37,490.00. *Id.*

Plaintiffs move for a variety of sanctions because Defendants never disclosed the 2004 DOL Houston Report and nine other reports during discovery. The only DOL report disclosed by Defendants was a 2018 investigation into Defendants' Orlando office which found no FLSA violations. *See* (DE [181] Ex. 1). Plaintiffs argue Defendants deliberately withheld and concealed the DOL Houston Report and, therefore, sanctions are appropriate under Rule 37 and Rule 26(g), Federal Rules of Civil Procedure.

The problem with Plaintiffs' request for sanctions is that Plaintiffs never requested production of the 2004 DOL Houston Report or, if they did, never timely sought to compel production.

On September 17, 2020, Plaintiffs served the following interrogatory:

**INTERROGATORY NO. 7:**

> If Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or a private individual or has received a claim by or demand from any employee regarding minimum wage or overtime compensation within the last ten (10) years, state the name of the claimant for [sic] the suit, claim and/or investigation and describe in detail the factual basis of the suit, claim and/or investigation.

**RESPONSE:**

> Defendant objects to interrogatory No. 7 because it is overbroad in seeking claims and demands against "any entity owned in whole or in part by Defendant" and claims "within the last (10) years." **Subject to and without waiving the foregoing objection, and pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the DOL's Compliance Action Report ("CAR") and FLSA Narrative**

2

> **summarizing its 2016-2018 investigation at Pacesetter's Orlando branch.** *See* **(DE [179], Ex. 2).** The investigation concluded that "[n]o violations of Section 6 of the FLSA were found," and "[n]o violations of Section 7 of the FLSA were found. Defendant further refers Plaintiff to *Castilla v. Pacesetter Personnel Service of Florida, Inc.,* Case No. 9:18-cv-81431-RLR, Southern District of Florida; and *Vaughn v Pacesetter Personnel Service of Florida, Inc.,* Case No. 3:14-cv-00351-MCR-CJK, Northern District of Florida. Pursuant to Federal Rules of Civil Procedure 33(d), Defendant will produce copies of the complaints.

Plaintiffs never moved to overrule Defendants' objection to producing 10 years of suits and investigations. Pursuant to Local Rule 26.1(g)(1), a party must move to compel better responses to discovery within 30 days of the original response date or "date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials." Failure to timely file a motion may constitute a waiver absent a showing of good cause for the delay. *Id; Doty v. ADT, LLC,* 2022 WL 1090582, at *4 (S.D. Fla. Mar. 24, 2022).

Plaintiffs argue that Defendants' objections to the timeliness of their motion is putting "lipstick on a pig." (DE [604]). But Plaintiffs' motion is made two years after Defendants' objection, after the close of discovery, and after the filing of dispositive motions. It would be an abuse of discretion to consider this objection now. *Id.* And, even if Plaintiffs had successfully moved to compel information about 10 years of investigations and claims, the 2004 DOL Houston Report would have been outside that time frame. Sanctions are not warranted on this ground. *See Steed v. EverHome Mortg. Co.,* 308 Fed. Appx. 364, 371 (11th Cir. 2009) (plaintiff's failure to file a timely motion to compel better response to boilerplate objections deprived district court of opportunity to address problem and, therefore, district court did not abuse discretion in denying motion for sanctions on that ground).

3

Plaintiffs next argue that Defendants failed to object to and failed to produce a 30(b)(6) corporate representative to testify about the earlier DOL audits. On July 22, 2021, Plaintiffs' counsel emailed several proposed areas of inquiry including the following:

> Area of inquiry no. 7: A corporate representative with knowledge of prior lawsuits, claims and/or Department of Labor audits of or against Defendants, pertaining to allegations that they underpaid employees who performed duties similar to Plaintiffs, to the extent such lawsuits, claims or audits preceded this lawsuit.

(DE [602] Ex. 4). Defendant timely served written objections, including this to area of inquiry no. 7:

> OBJECTION: Defendants object to this request as unduly burdensome and overly broad. Defendants' corporate representative will be prepared to testify regarding of [sic] prior lawsuits, claims and/or Department of Labor audits of or against Defendants, pertaining to allegations that they underpaid employees who performed duties similar to Plaintiffs, to the extent such lawsuits, claims, or audits preceded this lawsuit in the previous five years in Florida.

(DE [602] Ex. 5). The 30(b)(6) deposition was eventually scheduled for January 20, 2022, four days before the discovery deadline. (DE [525]). When the witness became ill with COVID, the Court extended the discovery deadline for 30 days solely to permit two previously scheduled depositions to be taken. (DE [534]). On February 9, 2022, Plaintiffs re-noticed the 30(b)(6) deposition for February 16, 2022. (DE [598]). Defendants did not serve objections to the re-noticed deposition and, therefore, Plaintiffs conclude all objections have been waived. The Court disagrees.

In August and September 2021, Defendants served objections to producing a 30(b)(6) witness to testify about lawsuits or DOL audits outside of five years and the State of Florida. (DE [602]). The time for Plaintiffs to resolve those objections was September or October 2021 – 30 days after receipt of Defendants' objections and before the 30(b)(6)

4

deposition took place. The February 9, 2022, Amended Notice of Taking 30(b)(6) Deposition *Duces Tecum* (DE [604]) did not, under the circumstances of this case, reopen areas of inquiry for which objections had already been filed. The Amended Notice was served after the close of discovery; discovery had been extended only to allow the deposition to proceed—not to allow Plaintiffs to resurrect previously objected-to areas of inquiry. (DE [534]). Defendants did not waive their objections by failing to re-file the objections that had already been served. And Plaintiffs never sought to overrule those objections.

Plaintiffs' third basis for sanctions is Defendants' response to Request for Admissions served in September 2020:

> **REQUEST FOR ADMISSION NO. 19:** Admit that Defendant did not consult with a Department of Labor representative prior to the filing of this lawsuit to determine whether Plaintiffs' pay was in conformity with the FLSA.
>
> **RESPONSE TO REQUEST FOR ADMISSION NO. 19:** Denied. Defendant refers Plaintiff to the DOL's Compliance Action Report ("CAR") and FLSA Narrative summarizing its 2016-2018 investigation at Pacesetter's Orlando Branch…. Other than this, [there] were no other DOL audits or consultations.

(DE [598], Ex. 2). Defendants did not object to the scope of this request for admission and the response contained a categorical denial of the existence of any other DOL audits or consultations beyond the Orlando audit.

Plaintiffs argue this response shows an intent to hide the existence of the DOL Houston Report and other audits or, at best, indicates a failure to conduct a proper investigation. Defendants argue that there was no intent to hide the prior audits because

5

its lawyer and its head of human resources[2] had been unaware of any prior DOL audits until they received them from Plaintiffs. (DE [602] Ex. 1, 3). Defendants also argue that the objection to interrogatory number 7 established its intent to narrow discovery responses to less than 10 years and that intent carried over to the response to request for admissions.

The Court accepts Defendants' statement that the persons responding to the request for admissions did not know about the prior DOL audits and, therefore, concludes that the failure to disclose those audits was not intentional. Indeed, as mentioned above, Plaintiffs' own interrogatory about audits was limited to 10 years and would not have covered the 2004 DOL Houston audit. But the Court is concerned that the affirmative statement, "Other than this, [there] were no other DOL audits or consultations," was factually inaccurate, not limited in time by a proper objection and was, therefore, misleading. The explanation that the interrogatory objection extended to the request for admission is simply incorrect.  The rules require objections to requests for admission to be stated. *See* Fed. R. Civ. P. 36(5) ("The grounds for objecting to a request [for admissions] must be stated."). Additionally, Defendants have not established that their lack of knowledge about the audits was reasonable. Although "[a] discovery respondent need not conduct a perfect search, nor a comprehensive one…[t]he search must be reasonable under the circumstances." *Cutlass Collieries, LLC v. Jones,* 2021 WL 6135152, at *3 (S.D. Fla. Dec. 7, 2021).  The affidavits submitted in opposition to the Motion for Sanctions state that defense counsel was not retained until 2019 and the head of human resources did not start until 2015.  The affidavits, however, offer no explanation

---

[2] Gracie Hernandez, Defendants' Director of Human Resources, began her employment with Defendant in 2015 and had no knowledge of the prior audits. (DE [602], Ex. 3). Defendants' outside counsel was retained in 2019 and had no knowledge of the prior audits. (DE [602], Ex. 1).

of the efforts taken, if any, to investigate the existence of additional DOL audits.  A party may not turn a blind eye to events that may have occurred before the employee in charge of responding was hired.

"Rule 26(g) requires an attorney to sign every discovery response asserting, inter alia, that the response is complete and correct…." *Steed*, 308 Fed. Appx. at 371 (citing Fed. R. Civ. P. 26(g)(1)(A), (B)).  "The court, *sua sponte* or on motion, must impose 'an appropriate sanction' on the signer of an improper certification, 'the party on whose behalf the signer was acting, or both.'" *Id.* (quoting Fed. R. Civ. P. 26(g)(3)). The Court concludes that some form of sanction is appropriate under Rule 26(g) for improper certification of the response to the request for admissions.[3]

"Permissible purposes of a sanction include: (1) compensating the court and other parties for the added expense caused by the abusive conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct; and (4) penalizing the guilty party or attorney." *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d 1440, 1453 (11th Cir. 1985). Because the record contains (1) no evidence of bad faith or intentional conduct by Defendants, (2) Defendants' expressed intention to limit discovery responses to five years and within the state of Florida, and (3) no efforts by Plaintiffs to challenge Defendants' objections, sanctions need not be punitive or serve as a deterrent.

Plaintiffs' suggested sanctions far exceed what is necessary to remedy the situation.  Again, Plaintiffs never requested DOL audits beyond 10 years prior to the filing

---

[3] Sanctions under Rule 37 are not applicable here.  Rule 37 applies when "a party fails to provide answers, objections, or a written response to interrogatories or requests for production," or fails to attend its deposition. *Steed,* 308 Fed. Appx. at 370; Fed. R. Civ. P. 37(d)(1)(A). Sanctions may also be imposed for failure to comply with a court order, which is not applicable here. Rule 37(b). Sanctions may be imposed for a party's failure to admit a request for admissions, Rule 37(c)(2), but Defendant denied the request for admissions at issue.

of this action, so even if no objection had been made, the 2004 DOL Houston Report would not have been disclosed. But the other DOL audits that occurred between 2010 and 2016 would have been produced. And Defendants' erroneous statement that there were no other DOL audits beyond the 2018 Orlando audit cannot be ignored. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiffs are entitled to reasonable costs and attorneys' fees incurred in making the FOIA Request to the Department of Labor and the present motion. The parties are encouraged to reach an agreement on the amount of reasonable fees and costs. If they are unable to reach an agreement as to the amount or reasonableness, Plaintiffs' motion for fees and costs shall be filed no later than **October 17, 2022.**

2. Plaintiffs shall be permitted to take one (1) deposition of a 30(b)(6) witness limited to the DOL audits received from the FOIA Request and their applicability to Defendants' FLSA compliance or non-compliance in Defendants' Fort Lauderdale, Florida, location. This deposition shall be completed no later than **September 16, 2022.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of August 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF