UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60192-CIV-SINGHAL/VALLE

SHANE VILLARINO, *et al.,*

    Plaintiffs,  **Class and Collective Action**

v.

PACESETTER PERSONNEL SERVICE, INC., *et al.,*

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Decertify Collective Action (DE [573]). The Court has reviewed the Motion, the opposing and supporting memoranda, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

I.    INTRODUCTION

The named Plaintiffs and nearly 300 opt-in Plaintiffs worked as temporary unskilled laborers through Defendant Pacesetter Personnel Service, Inc.[1] Pacesetter provides unskilled temporary labor to clients in various industries, including construction, entertainment, and healthcare. Persons seeking work report to Pacesetter's office in the morning, receive a daily ticket containing the work assignment and mode of transportation, obtain the necessary tools and/or safety equipment, and report to the assigned work site. Workers without transportation are charged $3.00 per day to take Pacesetter's vans or they may carpool with another worker. At the job site, the client's

---

[1] The Defendants operate under several names, but for purposes of this Order will be referred to collectively as "Pacesetter."

supervisor or foreman assigns the days' tasks and certifies the hours worked. At the end of the day, the workers return to Pacesetters' office to receive their pay for the day and return the equipment. Plaintiffs are under no obligation to report to Pacesetter every day; it is entirely up to each individual whether he or she desires to seek work on any given day.

On March 19, 2021, the Court conditionally certified two collective FLSA classes:

> **All hourly-paid "daily ticket" general labor employees who have worked for Pacesetter's Fort Lauderdale, Florida, location at any time within the three (3) year period from consenting to be included in this collective action.**
>
> **All hourly-paid "daily ticket" general labor employees who worked in excess of forty hours in a workweek in one or more workweeks at Pacesetter's Fort Lauderdale, Florida, location at any time within the three (3) year period from consenting to be included in this collective action.**

(DE [256]). Pacesetter now moves to decertify the conditionally certified collective action.

## II.     LEGAL STANDARDS

"To maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 952 (11th Cir. 2007) (quotations omitted). Courts have adopted a two-stage process, with the conditional certification being made on pleadings and affidavits. *Id.* at 953. After discovery is largely completed, the court must make a factual determination on whether the plaintiffs are similarly situated. *Id.*; 29 U.S.C. § 216(b). If the plaintiffs are similarly situated, the representative action will proceed to trial. If they are not similarly situated, the class is decertified and the opt-in plaintiffs are dismissed without prejudice. *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1243 (11th Cir. 2003).

2

At this stage, the court considers several factors: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations[.]" *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1261 (11th Cir. 2008) (citations omitted). Although the potential class members are not required to "hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions and encompass the defenses to some extent." *Id.* at 1262 (quotations omitted). "But ultimately, whether a collective action is appropriate depends largely on the factual question of whether the plaintiff employees are similarly situated to one another." *Id.*

## III.   DISCUSSION

As stated, there are three relevant factors for the Court's determination of whether the opt–in plaintiffs are similarly situated: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. The Court will consider each factor in turn.

### A. Disparate Factual and Employment Settings of Individual Plaintiffs

The Court finds that the daily ticket workers are similarly situated. Defendants argue that Plaintiffs engage in job duties in various industries and are subjected to policies imposed by different supervisors. These differences are not, however, relevant to the issues in this case. Plaintiffs all have the same job title (daily ticket worker) and they all perform general unskilled labor. The fact that they worked at different job sites is immaterial because the policies and practices challenged by Plaintiffs apply to all daily

ticket workers regardless of the job site. *See Romero v. Fla. Power & Light Co.,* 2012 WL 12951718 at *3 (M.D. Fla. Feb. 22, 2012) (denying decertification where plaintiffs worked at more than 50 job sites but were subject to same policy of nonpayment for meal breaks).

Plaintiffs contend three of Defendants' policies violate the FLSA: (1) workers are not paid for the time accrued after they receive their daily work ticket; they are paid only for the time spent on the clients' job sites; (2) workers are not paid for travel between Defendants' location and the job site; and (3) workers who avail themselves of Defendants' transportation options are charged $3.00 per day and Plaintiffs argue that this deduction reduces their wages below minimum wage. The policies at issue apply to all Plaintiffs.

Defendants argue that the class members are not similarly situated because each Plaintiff's employment situation varies significantly due to voluntary choices: whether to work on a particular day, whether to take company provided transportation; activities engaged in after receiving the daily ticket; and whether to return to Pacesetter at the end of the day. Defendants argue that these different choices establish that the Plaintiffs are not similarly situated.

Although Defendants deny that travel and waiting time are compensable under the FLSA, resolution of those issues will not require the individualized, fact-specific analysis posited by Defendants. The issue to be decided is whether the workers' waiting and travel time was "integral and indispensable to their regular work, even if those activities [did] not occur at the employee's workstation." *Tyson Foods, Inc. v. Bouaphakeo,* 577 U.S. 442, 447-48 (2016) (citations omitted). Plaintiffs all performed temporary unskilled labor and the policies at issue applied to all of them. The particulars of the labor they performed

4

play a miniscule role, if any, in resolving these issues. Likewise, the variances in transportation do not appear as great as Defendants assert.

For example, Plaintiffs have introduced testimony that workers travel to job sites by taking the Pacesetter van or carpooling with others. (DE [573] Ex. 7). Although some workers testified that they have taken their own cars on occasion (DE [536] Ex 5), there is no evidence of widespread individual travel to job sites. The bulk of the evidence in this record supports Plaintiffs' contention that workers primarily carpooled or took the Pacesetter van. There are limited factual issues to decide. If workers are found to have waited at the office for a specific time for the benefit of Pacesetter, it matters little how they passed the time. *Peterson v. Nelnet Diversified Sols., LLC,* 400 F. Supp. 3d1122, 1137 (D. Colo. 2019), *rev'd and remanded on other grounds,* 15 F.4th 1033 (10th Cir. 2021). Alternatively, if the waiting time predominately served the interests of the workers because it afforded them transportation or gas money that they would not have otherwise had, those interests would apply on a collective basis. The record sufficiently establishes that the Plaintiffs are similarly situated.

  B. <u>The Various Defenses Available to Defendants that Appear to be Individual to Each Plaintiff</u>

Defendants argue that the determination of whether waiting and travel time was compensable cannot be determined on a collective basis because the individual circumstances of each Plaintiff will need to be determined. As discussed above, the Court disagrees. Both the waiting and travel time and transportation charge issues can be resolved collectively, and Defendants have adequately argued that those activities are not compensable under the FLSA in their pending Motion for Summary Judgment. (DE [555]).

### C.     Fairness and Procedural Considerations

Pacesetter argues that the fairness and procedural considerations warrant decertification. The Court disagrees. As discussed above, the liability issues can be decided on a collective basis because (1) the Plaintiffs are similarly situated and (2) the non-payment for waiting and travel and the transportation charge policies were applied to all workers.

Pacesetter argues that trying the case on a representative basis runs the risk of overcompensating some Plaintiffs and undercompensating others (assuming FLSA violations are found to have existed) and unfairly subjects Pacesetter to an all-or-nothing scenario, which led Judge Dimitrouleas to decertify the action in *Mathis v. Darden Restaurants,* 2014 WL 4428171 (S.D. Fla. Sept. 1, 2014). But the present case differs substantially from *Mathis.* There, the 20,255 opt-in plaintiffs worked in thousands of different restaurants around the country and worked under different policies that varied by restaurant and job title.  Here, it is undisputed that the policies are the same for all the Plaintiffs who had the same job titles and worked out of one central location.

The Eleventh Circuit has recognized that collective actions help satisfy the remedial nature of the FLSA by lowering costs to plaintiffs and promoting judicial efficiency. *Morgan,* 551 F.3d at 1254-65. Given that the Plaintiffs held identical positions and were all subject to the same policies, the Court finds that the benefits of a collective action serve these interests.

One possible difficulty at trial is the determination of damages: Plaintiffs worked varying days, wait and travel times varied, and not every Plaintiff had transportation

charges deducted. Given that Pacesetter's policies applied to all Plaintiffs, the Court is not convinced at this time that the evidence of damages will be unfair to Pacesetter. Plaintiffs state they plan to present, through expert testimony, a damages model based on Pacesetter's own pay and time records. Without ruling or commenting on the sufficiency of this proposed model, the Court concludes that, at this juncture, decertification of the action is not warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Decertify Collective Action (DE [548]) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 16th day of September 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF