UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:  20-60192-CIV-SINGHAL/VALLE

SHANE VILLARINO,
LAURA J. JOHNSON,
JEFFERY MONDY, and
JEROME GUNN,
on behalf of themselves and all others similarly situated,

    Plaintiffs,                                                         **Class and Collective Action**

v.

PACESETTER PERSONNEL SERVICE, INC.,
a Texas profit corporation;
PACESETTER PERSONNEL SERVICE OF
FLORIDA, INC., a Florida profit corporation;
FLORIDA STAFFING SERVICE, INC.,
a Florida profit corporation; and,
TAMPA SERVICE COMPANY, INC.,
a Florida profit corporation
each d/b/a PACESETTER;
PACESETTER PERSONNEL;
PACESETTER PERSONNEL SERVICE;
PACESETTER PERSONNEL SERVICES;
PACESETTER PERSONNEL SERVICES, LLC;
PPS; and/or FW SERVICES,

    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND LAPSED DEADLINE FOR *DAUBERT* MOTIONS**

       By their Motion to Reset Deadline for *Daubert* Motions ("Motion") [D.E. 647], Defendants ask the Court to extend a deadline which **lapsed more than nine (9) months ago.**  In their Motion, Defendants contend that good cause for the extension nonetheless exists because they could not have met the February 7 deadline for filing *Daubert* motions, inasmuch as Plaintiffs did not disclose their

1

expert until May 23, 2022, the deadline for the parties to do so.[1] D.E. 647 at 2. However, Defendants offer no explanation whatsoever for why they failed to file a *Daubert* motion or move to extend the lapsed deadline for *Daubert* motions, for **more than five (5) months** after they received Plaintiffs' expert report. Furthermore, Defendants neglect to advise the Court that they chose not to serve expert discovery on Plaintiffs or depose Plaintiffs' expert, or retain their own expert. In other words, whatever they assert is their basis for a *Daubert* motion, that basis was within the four corners of Plaintiffs' expert's report and thus, was ascertainable when Defendants' received the report 5-and-a-half months ago.

Defendants' motion must be denied because permitting Defendants to file a *Daubert* motion on the eve of trial--which seeks to strike Plaintiffs' sole damages expert--would be extremely prejudicial to Plaintiffs. Plaintiffs' have framed their trial plan and entire litigation strategy with regard to the claims at bar on the use of Plaintiffs' damages expert and neither of the Parties have any other damages expert who can distill the damages issues for the jury and/or the Court.

Finally, Defendants' instant motion is due to be denied because a *Daubert* challenge is futile. Although Defendants contend "Plaintiffs' expert report is deeply flawed and likely to be stricken," [D.E. 647 at 3] the reality is that courts routinely rely on nearly identical reports from expert accountants in FLSA cases, to assist the jury with damages calculations. Here, Plaintiffs' expert has made no conclusions of law or fact and has simply applied a range of variables—dependent on the findings of fact by the Court or jury—and applied those variables to Defendants' own time and pay records.

---

[1] *See* Court's Order as to extending expert discovery deadlines: "Deadline to disclose experts and exchange witness summaries or reports: April 22, 2022; deadline for the completion of expert discovery: May 22, 2022; and deadline for the exchange of rebuttal expert witness summaries or reports: June 22, 2022." D.E. 560.

A. **Legal Standards.**

The Court of Appeals for the Eleventh Circuit has explained that when a motion to amend is filed after a scheduling order deadline has past, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.,* 131 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998). Rule 16 states that requests for leave to amend after a scheduling order deadline has expired require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks omitted); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa,* 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also Donley v. City of Morrow*, 601 F. App'x 805, 811 (11th Cir. 2015) ("Lack of diligence in pursuing a claim is sufficient to show lack of good cause.").[2]

Put another way, when a motion for leave to amend is filed after the scheduling order deadline has expired, courts employ a two-step analysis. *Sosa*, 133 F.3d at 1419. First, the movant must demonstrate "good cause" under Rule 16(b). Only after reviewing Defendants' Motion under

---

[2] "The burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order." *Northstar Marine, Inc. v. Huffman*, No. 13-0037-WS-C, 2014 WL 3720537, at *3 (S.D. Ala. July 28, 2014); *see also TIC Park Ctr., 9 LLC v. Cabot*, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018); *see also Race Tires America, Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3rd Cir.2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence.").

Rule 16(b), and the Court being satisfied that diligence and good cause have been shown, should the Court turn to the issue of whether leave to amend should be granted pursuant to Rule 15(a).[3]

Although most cases addressing the good cause requirement of Rule 16(b) focus on the diligence of the moving party, "[f]utility of amendment is [also] a proper reason for denying a motion for leave to amend" under Rule 16(b).[4] *See Bowers v. Am. Heart Ass'n., Inc.,* 513 F. Supp. 2d 1364, 1367–68 (N.D. Ga. 2007) (quoting *Alexander v. AOL Time Warner, Inc.,* 132 Fed.Appx. 267, 268 (11th Cir.2005)) (denying motion to amend under Rule 16(b) based on futility of claim as well as lack of diligence on the part of the moving party)*; see also Kemin Foods, L.C., v. Pigmentos Vegetales Del Centro SA,* 464 F.3d 1339, 1354 (Fed.Cir.2006) (motion to amend under Rule 16(b) denied on grounds of futility); *Lofton v. Tillman,* 2006 WL 2052522 at * 2 (S.D. Ala. July 21, 2006) (engaging in futility analysis of motion made under Rule 16(b)); *Med. Ctr. of Ga., Inc., v. Denon Digital Employee Benefits Plan,* No. 5:03CV32, 2005 WL 1073624, at *4 (M.D.Ga. May 4, 2005) ("Good cause for leave to amend cannot be shown where there is no legal basis to support such an amendment.").

As discussed below, Defendants' lack of diligence and the futility of their proposed motion both require that the Court deny their instant motion.

---

[3] *See West Virginia Housing Development Fund v. Ocwen Technology Xchange, Inc.,* 200 F.R.D. 564, 566 (S.D.W.Va. 2001) (a movant must first pass the more stringent "good cause" test of Rule 16 for an untimely motion, then the more liberal test for amendment under Rule 15).

[4] In determining whether to grant a motion to amend a pleading, the district court may consider such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' " *McKinley v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

4

### B. Defendants Fail to Demonstrate the Requisite Diligence Because They Failed to File a Motion to Extend the *Daubert* Deadline for More Than Five Months After Receipt of Plaintiffs' Expert Report.

Whether viewed as an over nine-month delay from the time the last specific *Daubert* motion deadline expired on February 7, 2022, or a five-and-a-half month delay from the time Defendants received Plaintiffs' expert's report on May 23, Defendants' unexplained delay in seeking to extend the lapsed deadline precludes any finding of diligence. For this reason alone, Defendants' motion is due to be denied.

The precise issue at bar—whether a court should excuse a party's failure to timely file a *Daubert* motion, and grant motion for leave—is far from first impression. Rather, courts routinely deny such motions, in part because of the extreme prejudice that will result to the non-moving party, even when the delay is far shorter than Defendants' delay here. *See, e.g., HRH LLC v. Teton Cnty., Wyoming*, 2021 WL 8999321, at *2 (D. Wyo. Feb. 18, 2021) (motion for leave to file *Daubert* motion denied based on lack of diligence where 6-month delay and leave sought shortly before trial); *M-I L.L.C. v. Stelly*, 2012 WL 13055281, at *1 (S.D. Tex. Apr. 19, 2012) (denying motion for leave to file Daubert motions shortly before trial, based on 2-month delay in seeking leave); *Vomund v. Signor Trucking, Inc.,* 2009 WL 1562835, at *2 (D. Neb. May 28, 2009) (denying motion for leave to file Daubert motion out of time, based on 3-month delay).[5]

Further evidence of Defendants' lack of diligence in filing a *Daubert* motion or in seeking

---

[5] See also *Girard v. Aztec RV Resort, Inc.*, 2011 WL 7962612, at *5 (S.D. Fla. Oct. 4, 2011) (6-month delay precluded finding of diligence); *White v. Volvo Trucks of North America*, 211 F.R.D. 668, 669-70 (M.D. Ala. 2002) ("Since there has been no showing that the Plaintiff could not have located, disclosed, and furnished a report from an economic expert by exercising due diligence during the period of over six months between the entry of the scheduling order and expiration of the deadline, there is simply no basis for this court not to enforce the deadline.").*S. Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1242 (11th Cir. 2009) (affirming denial of 16(b)(4) motion where there was a 5-month delay, both parties had filed their initial briefs in support of their motions for summary judgment almost a month earlier prior, and discovery was closed); *Harris v. Reverse Mortg. Sols. Inc.,* 800 F. App'x 708, 714 (11th Cir. 2020) (affirming denial of Rule 16(b) motion where plaintiff acknowledged having all relevant information for "months" prior to filing motion).

an extension of the deadline to do so, is the fact that until this Court rescheduled trial for this coming January by entry of its October 20, 2022, Order re-setting trial [DE 642], the calendar call in this case was scheduled for November 4, 2022. *See* D.E. 599. In other words, until this Court entered its Order on October 20, 2022, rescheduling calendar call and trial, **Defendants had never filed any *Daubert* motion or sought leave to do so despite calendar call being only two (2) weeks away.**

Simply put, Defendants have not and cannot demonstrate the requisite diligence to meet their burden under Rule 16(b)(4). For this reason alone, Defendants' motion must be denied.

### C. A *Daubert* Motion is Futile.

Even if Defendants could demonstrate the requisite due diligence, which they cannot, the instant motion must still be denied, because any *Daubert* motion is futile.

As noted above, Plaintiffs' damages expert has made no factual or legal assumptions in his analysis. Rather, his damages models are simply the result of application of straight-forward mathematical formulas to the voluminous data contained in Defendants' pay and time records. As such, any *Daubert* motion is necessarily futile. *See Smith v. Fam. Video Movie Club, Inc.,* 2015 WL 1542663, at *5–6 (N.D. Ill. Mar. 31, 2015) ("[G]iven the various categories of compensatory damages Plaintiffs seek in this collective action, as well as the multi-stepped processes needed to calculate those damages, the Court finds that Breshears's opinion will assist the trier of fact."), citing *Wirtz v. Turner,* 330 F.2d 11, 14 (7th Cir.1964) (holding that expert testimony of an accountant on the issue of damages calculations under the FLSA would assist the trier of fact and was ultimately admissible); *Little v. Tech. Specialty Prod., LLC,* 940 F. Supp. 2d 460, 468–69 (E.D. Tex. 2013) (denying *Daubert* motion with respect to FLSA plaintiff's damages expert noting "Defendants' argument is puzzling to the Court because Barnes' methodology appears to be based

on basic mathematical calculations. As such, the expert's technique can be tested and verified for its accuracy, and it is generally accepted as a reliable form of conducting damages calculations… Defendants are free to challenge Barnes' calculations, methodology, and conclusions at trial during cross-examination."); *Kaiser v. At The Beach, Inc.,* 2011 WL 6826577, at *20 (N.D. Okla. Dec. 28, 2011) ("Beaucourt's opinion as to the amount of damages is reliable to the extent that she ran various calculations based on specific factual scenarios, using ATBI's payroll records and ATBI's proposed FLSA damages model.").

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Reset Deadline for *Daubert* Motions should be denied.

**DATED:**    November 11, 2022                              Respectfully submitted,

        BY:    */s/Andrew R. Frisch*
                Andrew R. Frisch
                Fla. Bar No. 27777
                *afrisch@forthepeople.com*

MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, FL 33324

Telephone:    (954) WORKERS
Facsimile:    (954) 327-3013

        BY:    */s/Dion J. Cassata*
                Dion J. Cassata
                Fla. Bar No. 672564
                *dion@cassatalaw.com*

CASSATA LAW, PLLC
Boca Crown Centre
7999 North Federal Highway, Suite 202
Boca Raton, Florida 33487

                                   Telephone:   (954) 364-7803

                                   *Counsel for Plaintiffs and the Classes/Collectives*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 11, 2022, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

                                   By:   */s/Andrew R. Frisch*
                                              Andrew R. Frisch