UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60192-CIV-SINGHAL/VALLE

SHANE VILLARINO, *et al.*,

    Plaintiffs,

v.

PACESETTER PERSONNEL
SERVICE, INC., *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court *sua sponte* following the Court's January 3, 2023, Amended Order granting summary judgment for Defendants (DE [661]) on Plaintiffs' collective claims under the Fair Labor Standards Act and claims under the Florida Minimum Wage Act (Counts I, II, and III).[1] Also on that date, the Court asked the parties to file a statement on whether the Court should retain supplemental jurisdiction over the remaining state law claim alleging violations of the Florida Labor Pool Act ("FLPA"), Fla. Stat. § 448.24.[2] (DE [667]).

In response, both parties initially advised the Court, without analysis, that it should retain supplemental jurisdiction. (DE [674]). Two weeks later Plaintiffs filed a notice stating that "upon further reflection," Plaintiffs believed the Court should not retain supplemental jurisdiction and stated its reasons. (DE [678]). Defendants responded

---

[1] A Final Judgment was entered on the wage claims on February 23, 2023. (DE [687]).
[2] The Court denied class certification of two of the three the proposed FLPA sub-classes (DE [601] and, on February 9, 2023, the Court decertified the remaining class because it would be impossible to establish Article III standing for the class members on a class-wide basis. (DE [680]). *See Drazen v. Pinto,* 41 F.4th 1354, 1362 (11th Cir. 2022); *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2016) (all plaintiffs within the class definition must have standing).

1

(DE [681]) and Plaintiffs filed a reply memorandum. (DE [684]). The parties have now fully briefed whether the Court should retain jurisdiction over the remaining state-law claims.

A district court has discretion to exercise supplemental or pendent jurisdiction over state law claims where the state and federal claims "derive from a common nucleus of operative fact." *Henley v. Payne*, 945 F.3d 1320, 1329 (11th Cir. 2019). But the court also has statutory discretion to dismiss the supplemental claims once the federal claims supporting jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c). Even with the court's discretionary authority to retain supplemental claims, "concerns of federalism – namely, of federal courts of limited jurisdiction weighing in on state law – counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Silas v. Sheriff of Broward County, Florida,* 55 F.4th 863, 866 (11th Cir. 2022). "The Supreme Court has also cautioned district courts against exercising supplemental jurisdiction over state-law claims once federal claims are dismissed, holding that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise [supplemental] jurisdiction ...." *Littlejohn v. Sch. Bd. of Leon Cnty. Fla.*, 2022 WL 18670372, at *10 (N.D. Fla. Dec. 22, 2022) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

This case is set for trial in little more than 30 days and has been pending since January 2020. The parties have conducted extensive discovery and discovery is closed. Thus, Defendants argue that the balance of interests weighs in favor of retaining jurisdiction. But the discovery already produced can be used in state court. *Jones v. City of Waynesboro,* 2023 WL 1931365, at *2 (S.D. Ga. Jan. 11, 2023) (dismissing state law claims despite extensive discovery). More importantly, the state-law claims are based

upon alleged violations of the FLPA, a statute that has not been widely addressed by the Florida courts.[3] The FLPA allows for recovery of actual damages as well as statutory damages. Fla. Stat. § 448.25. As Defendants noted in their Motion to Decertify Class, "[i]t is unclear if damages under the FLPA are allocated per individual or per day. Computing and allocating any damages for each individual will require a complex, fact-specific, difficult, and burdensome process and novel legal determinations of state law." (DE [646] pp. 12-13). Additionally, each of the more than 300 opt-in plaintiffs will need to establish that she suffered an injury-in-fact sufficient to establish standing. The effect on the Court's docket will be tremendous. Plaintiffs also assert there are over 3,500 potential claimants who will be pursuing claims in the state courts. The federalism concerns "of federal courts of limited jurisdiction weighing in on state law" tip the factors in favor of dismissing the remaining state-law claim. *Silas*, 55 F.4th at 866. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Count IV of Plaintiffs' Amended Complaint (DE [146]) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of February 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[3] A Westlaw search reveals three published state court FLPA opinions: *Liner v. Workers Temporary Staffing, Inc.*, 990 So.2d 473 (Fla. 2008) (holding plaintiff failed to establish liability for charging excess transportation fees); *K.C. Cromwell, Inc. v. Pollard*, 28 So.3d 945 (Fla. 2d DCA 2010) (holding FLPA limitation on transportation fees not unconstitutionally vague); and *Tampa Service Company, Inc. v. Hartigan*, 966 So. 2d 465 (Fla. 4th DCA 2007) (affirming class certification of class of workers who were charged higher than prevailing rates for public transportation).