**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60192-CIV-SINGHAL/VALLE

SHANE VILLARINO, *et al.*,

    Plaintiffs,

v.

**Class and Collective Action**

PACESETTER PERSONNEL SERVICE, INC., *et al.*,

    Defendants.
_____/

## AMENDED ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment (DE [555]). The Court recently entered an Order (DE [657]) denying Plaintiffs' Motion for Partial Summary Judgment (DE [558]). The Court has reviewed Defendants' Motion, the opposing and supporting memoranda, the parties' Statements of Fact and supporting documentation, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendants' Motion for Summary Judgment is granted in part and denied in part.

I.    INTRODUCTION

Plaintiffs worked as temporary unskilled laborers through Defendant Pacesetter Personnel Service, Inc.[1] Pacesetter provides unskilled temporary labor to clients in various industries, including construction, entertainment, and healthcare. Plaintiffs allege Pacesetter violated the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and the Florida Labor Pool Act ("FLPA") and seek damages, liquidated damages, and attorneys' fees and costs.

---

[1] Defendants operate under several names, but for purposes of this Order will be referred to collectively as "Pacesetter."

Plaintiffs allege Pacesetter violated the FLSA and FMWA[2] by (1) allowing clients to under-report hours worked; (2) failing to pay workers for time spent waiting and traveling to and from job sites; and (3) charging workers for transportation and equipment to an extent that they were paid less than minimum wage. The Court conditionally certified two collective FLSA classes:

> **All hourly-paid "daily ticket" general labor employees who have worked for Pacesetter's Fort Lauderdale, Florida, location at any time within the three (3) year period from consenting to be included in this collective action.**
>
> **All hourly-paid "daily ticket" general labor employees who worked in excess of forty hours in a workweek in one or more workweeks at Pacesetter's Fort Lauderdale, Florida, location at any time within the three (3) year period from consenting to be included in this collective action.**

(DE [256]).

Plaintiffs allege Pacesetter violated the FLPA by (1) charging amounts over the statutory limit for transportation; (2) improperly charging rental fees for the use of safety equipment and tools; (3) charging more than actual cost for various items; and (4) failing to provide drinking water and restrooms at Pacesetter's now-closed Commercial Boulevard facility. The Court denied class certification on the transportation and equipment charge issues but granted class certification on the drinking water and restroom issue and certified the following class:

> [T]hose employees who worked at Defendants' Fort Lauderdale, Florida location, located at 381 East Commercial Boulevard, Fort Lauderdale, Florida, 33334 from January 29, 2016, to the location's closure.

(DE [601]).

Pacesetter seeks summary judgment on the entire case.

---

[2] In Florida, the FMWA expressly adopts the statutory and regulatory provisions of the FLSA, so the claims are co-extensive and will be considered together. Fla. Const. art. X, ¶ 24.

2

II.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[3] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position;

---

[3] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

3

indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

When parties file cross motions for summary judgment, "even where the issues presented on motions for summary judgment overlap, [the] court must consider each motion on its own merits, 'resolving all reasonable inferences against the party whose motion is under consideration.'" *City of South Miami v. DeSantis,* 508 F. Supp. 3d 1209, 1221 (S.D. Fla. 2020) (citations omitted). "Thus, where the parties disagree as to the facts, summary judgment cannot be entered unless one of the parties meets its burden of demonstrating that 'there is no dispute as to any material facts with the evidence and all inferences drawn therefrom viewed in the light most favorable' to the non-moving party." *Id.* at 1222 (quoting *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983)).

III. <u>DISCUSSION</u>

Pacesetter matches job seekers with employers. These temporary workers ("daily ticket workers") solely decide when, if, and for what days they wish to seek and accept assignments. If daily ticket workers elect to work on a given day, they appear at a Pacesetter labor hall location and sign in to establish that they are available for work. A daily ticket worker may then receive a job offer for that day, depending on availability. When a worker accepts Pacesetter's offer of employment, he or she is given a Daily Time Ticket that includes the work site's location, start time, the requisite equipment, and supervisor. (DE [588] ¶ 1). Many daily ticket workers work irregular schedules, choosing to work some days but not others at their sole discretion. *Id.* ¶ 18.

### A. FLSA and FMWA Claims

Plaintiffs allege that Pacesetter failed to pay minimum and overtime wages because (1) the job sites inaccurately recorded the hours worked; (2) Pacesetter failed to compensate Plaintiffs for time spent at the labor hall and traveling to and from job sites; (3) Pacesetter failed to compensate Plaintiffs for time spent at the labor hall waiting and being issued and returning tools, safety gear, and other items. Pacesetter argues it is entitled to final summary judgment on all FLSA and FMWA claims because it properly paid Plaintiffs for all compensable time.

#### 1. Under-reported hours

Plaintiffs' Complaint alleges they worked "off the clock" at the job sites because they were on the job site for longer than what the pay stub indicated. (DE [152] ¶ 74). Pacesetter moves for summary judgment on this issue because there is no evidence to support it. Notwithstanding that allegation, Plaintiffs state that they "do not contend that they are owed minimum wage and/or overtime pay for uncompensated work hours worked at their Pacesetter-assigned daily worksites." (DE [584] p. 1). In that Plaintiffs have abandoned the claim that they worked unrecorded hours at the jobsites and have offered no proof to support that allegation, Pacesetter's Motion for Summary Judgment as to that issue is granted.

#### 2. Waiting, travel, and equipment time

Plaintiffs allege that Pacesetter was required to compensate them for the time spent at the labor hall waiting to depart for the assigned job sites, travel to and from the sites, and time spent returning equipment, but failed to pay them for this time. There is no dispute that this time was uncompensated. The parties dispute whether Pacesetter's transportation and equipment policies render the time compensable.

5

As stated in the Court's Order (DE [657]) denying Plaintiffs' Motion for Summary Judgment, whether "a particular set of facts and circumstances is compensable under the FLSA is a question of law for the Court to decide." *Llorca v. Sheriff, Collier County,* 893 F.3d 1319, 1324 (11th Cir. 2018). The parties dispute whether use of Pacesetter's transportation was mandatory: Plaintiffs have submitted evidence that it was mandatory and Pacesetter has submitted evidence that employees were free to take their own transportation. Plaintiffs have introduced evidence that daily ticket workers are required to appear at the job hall each morning they want to work, cannot travel directly from home to the job sites, and are required to either take the transportation assigned by Pacesetter or, if driving their own cars, bring other workers in a carpool. (DE [588] ¶¶ 12-14, 19-22, 27). They also state they are required to return to the labor hall at the end of the day. *Id.* ¶¶ 28-30. For purposes of this Motion, the Court accepts those facts as uncontested.

The Portal-to-Portal Act exempts certain activities from the compensation requirements of the FLSA. These exempt activities are described as follows:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities ....

29 U.S.C. § 254(a). "[C]ompensability under the FLSA turns on whether an activity is 'integral and indispensable' to the work an employee is 'employed to perform.'" *Bennett v. McDermott Int'l, Inc.,* 855 Fed. Appx. 932, 933 (5th Cir. 2021) (quoting *Integrity Staffing Sols., Inc. v. Busk,* 574 U.S. 27, 30 (2014)). Whether "a particular set of facts and

6

circumstances is compensable under the FLSA is a question of law for the Court to decide." *Llorca v. Sheriff, Collier County,* 893 F.3d 1319, 1324 (11th Cir. 2018).

The Court fully analyzed the compensability of the waiting, travel, and equipment return time in its Order denying Plaintiffs' Motion for Summary Judgment and concluded that the time alleged by Plaintiffs is non-compensable under the FLSA. *See* (DE [657]). For the reasons set forth in that Order, the Court concludes that the waiting, travel, and equipment time described by Plaintiffs (DE [558]) is not compensable. Summary judgment in favor of Pacesetter on the FLSA and FMWA claims is, therefore, appropriate.

B. <u>FLPA Claims</u>

Plaintiffs allege violations of the Florida Labor Pool Act, Fla. Stat. § 448.21 *et seq.* The FLPA was enacted "to provide for the health, safety, and well-being of day laborers throughout the state and to establish uniform standards of conduct and practice for labor pools in the state…." § 448.21. Plaintiffs' FLPA arise from charges for transportation and safety equipment and the facilities available at the labor hall.

Under the FLPA, labor pools may not charge laborers "[f]or safety equipment, clothing, accessories, or any other items required by the nature of the work either by law, custom, or as a requirement of the third-party user...." § 448.24(1)(a). The labor pool is permitted to charge workers "the market value of items temporarily provided to the worker by the labor pool, in the event that the worker willfully fails to return such items to the labor pool." § 448.24(1)(a).1. The labor pool may sell other items not referenced in the statute but may only charge the lesser of the actual cost of the item or the market value. § 448.24(1)(a).2. Further, labor pools may not charge workers "[m]ore than a reasonable amount to transport a worker to or from the designated worksite, but in no event shall the amount exceed $1.50 each way." § 448.24(1)(b). Finally, "[a] labor pool that operates a labor hall must provide facilities for a worker waiting at the labor hall for a job assignment that include (a) restroom facilities; (b) drinking water; and (c) sufficient seating." § 448.24(5).

7

1. <u>Charges for Equipment</u>.

Pacesetter seeks summary judgment on the ground that there is no evidence that it charged daily rental fees for equipment. Pacesetter denies charging for equipment rental at any of its branches. (DE [556] Ex. 23 ¶ 11). Pacesetter contends that Plaintiffs' evidence "consists only of pay stubs and ticket records that on their face to do not state whether the charge was for equipment rental as opposed to a charge for unreturned equipment, and one self-serving and inconsistent piece of testimony – is speculative and insufficient to defeat summary judgment." (DE [555] p. 20). Pacesetter explains that although Plaintiff Laura Johnson's Declaration (DE [520], Ex. 14) states that she was charged a $5 daily fee for use of work boots, her ticket report does not anywhere note $5 charges for equipment. The problem is, however, that the Court has not been provided a pin cite for Ms. Johnson's ticket report. The cited exhibit is 224 pages long and appears to include ticket reports for multiple workers. This record contains thousands of pages of exhibits, and the Court is under no obligation to search the record to find uncited support for a parties' position. *Chavez v. Secy' Fla Dept. Corr.,* 647 F.3d 1057, 1061 (11th Cir. 2011) ("judges are not required to ferret out delectable facts buried in a massive record, like the one in this case").[4] As memorably stated, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Ms. Johnson's testimony that she was charged $5.00 for boots on multiple occasions is, therefore, uncontested.

Ms. Johnson is not the only worker to allege she was charged a rental fee for boots. Shane Villarino, Jerome Gunn, and Kendall Williams all testified similarly. *See* (DE [588], Ex. 4, 5, and 9). Pacesetter's own records note $5.00 charges for boots. *See* (DE [559], Ex. 9). Pacesetter argues that Plaintiffs have not contradicted that the $5.00 charges for boots were for lost boots, but Pacesetter's equipment charges schedule (DE [556, Ex. 18) states that the fee for lost boots is $20.00, not $5.00. There is, at least, a reasonable inference that the $5.00 boot charges were

---

[4] Although the parties have admirably submitted cited evidence to support their claims, the record in this case is voluminous and both parties' submissions have, at times, sent the Court to the truffle forest.

8

rental fees. Plaintiffs have, therefore, raised a genuine dispute of material fact on the issue of whether Pacesetter violated the FLPA by charging equipment rental fees.

2. Excess transportation charges

There is no dispute that Pacesetter's own records contain numerous instances of workers being charged more than $3.00 per day for transportation. Pacesetter asserts that these excess charges are for bus passes purchased from Pacesetter by workers for the workers' personal use. (DE [539], Ex. 9, ¶ 6). But many of the charges do not contain notations that bus passes were purchased and numerous witnesses testified that they were often charged more than $3.00 per day for transportation without purchasing a bus pass. *See* (DE [588] ¶¶ 35-38). The Court concludes that there is a genuine dispute as to whether Pacesetter impermissibly charged workers transportation fees in excess of $3.00 per day.

3. Restroom facilities and drinking water

There is a genuine dispute as to whether Pacesetter provided restrooms and drinking water at its Commercial Boulevard location. Although Pacesetter notes that a bathroom was provided per policy, numerous workers testified that they relieved themselves behind the building because there was no facility available for them. (DE [588] ¶ 41-43). Likewise, numerous workers testified there was no water fountain, water cooler, or water bottles available. *Id.* ¶ 48. Pacesetter denies any lack of water, but the contrary testimony presents a classic dispute of fact that precludes entry of summary judgment.

4. Charges in excess of market value/actual cost

A labor pool is permitted to charge workers "the market value of items temporarily provided to the worker by the labor pool, in the event that the worker willfully fails to return such items to the labor pool." § 448.24(1)(a).1. The labor pool may sell other items not referenced in the statute but may only charge the lesser of the actual cost of the item or the market value. § 448.24(1)(a).2. Plaintiffs claim that they were charged more than market value/actual cost for equipment in violation of the FLPA. Pacesetter has produced a list of the charges made for various pieces of

9

equipment and argues that Plaintiffs have no evidence to establish these charges are not market value/actual cost. Plaintiffs argue that Pacesetter, as the moving party, bears the burden of producing admissible evidence to show it complied with the FLPA. The parties disagree about who bears the burden of producing evidence at summary judgment. But neither party has submitted evidence of the market value or actual cost of the equipment.

In moving for summary judgment, "[t]he moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986)). But the Eleventh Circuit recognized that *Celotex Corp.* addressed an unusual situation: "where neither party could prove either the affirmative or the negative of an essential element of the claim." *Id.* at 607.

In *Celotex Corp.,* the defendant met its burden by noting the plaintiff "had failed to identify, in answering interrogatories specifically requesting such information, any witness who could testify about the decedent's exposure to [Celotex's] asbestos products." *Celotex,* 477 U.S. at 320. And the plaintiff did not come forward with any to oppose the summary judgment motion. The Supreme Court held that summary judgment should have been granted under these circumstances. The Eleventh Circuit has noted that the "Court's conclusion that Celotex had met its burden under these circumstances is understandable. To have required a trial when it was clear from the materials in the record that [the plaintiff] could not prove her claim would have been a waste of time and resources and would have unnecessarily restricted the proper use of summary judgment." *Clark,* 929 F.2d at 607.

Likewise, in this case the lack of record evidence about the market value/actual cost of equipment requires that summary judgment be entered on this claim. It makes no sense to bring

a claim for which neither party has presented evidence to a jury. Summary judgment will be entered on Plaintiffs' FLPA claim regarding charges for lost equipment.

IV. CONCLUSION

For the reasons discussed above, the Court concludes that summary judgment is properly granted on Plaintiffs' FLSA and FMWA claims and that summary judgment will be denied on Plaintiffs' FLPA claims, except for the claim that Pacesetter charged in excess of market value/actual cost for lost and sold equipment. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (DE [555]) is **GRANTED IN PART AND DENIED IN PART.** Summary Judgment is granted on Counts I, II, and III of the Corrected Amended Complaint (DE [152]). Summary judgment is denied as to Count IV of the Corrected Amended Complaint (DE [152]), except summary judgment is granted as to the claim that Pacesetter charged in excess of market value/actual cost for equipment.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of January 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF