# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60192-CIV-SINGHAL/VALLE

SHANE VILLARINO, *et al.*,

    Plaintiffs,                                     **Class and Collective Action**

v.

PACESETTER PERSONNEL SERVICE, INC., *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Plaintiffs' Combined Motion for Reconsideration and Renewed Motion for Rule 23 Class Certification (DE [608]) and Defendants' Motion for Reconsideration of Order on Class Certification (DE [611]). Both sides ask for reconsideration of the Court's Order (DE [601]) on Plaintiff's Motion for Class Certification. For the reasons discussed below, the motions are denied.

Plaintiffs request that the Court reconsider its holding that individual issues predominate with respect to Plaintiffs' proposed class under the Florida Labor Pool Act ("FLPA") or, in the alternative, that the class be certified under Rule 23(b)(1) or (2) grounds.[1] Specifically, with respect to the FLPA claims, Plaintiffs argue that the Court erred in declining to certify a subclass of workers who were charged in excess of $3.00 per day for transportation.

Pacesetter's motion asks the Court to reconsider granting class certification of the sub-class of employees who worked at Defendants' Fort Lauderdale, Florida location, located at 381 East Commercial Boulevard, Fort Lauderdale, Florida 33334 from January

---

[1] Plaintiffs also ask for reconsideration of the class certification of Plaintiffs' Florida Minimum Wage Act claims, but the Court has granted summary judgment for Defendants on those claims. *See* (DE [660]).

29, 2016, to the location's closure. Defendants motion also requests, in the alternative, that Plaintiffs be ordered to file a trial plan. In their reply memorandum (DE [627]) Defendants withdrew their request for reconsideration of the Court's Order (DE [601]) but still request that the Court order Plaintiffs to submit a trial plan.

1. Plaintiffs' Motion for Reconsideration

Plaintiffs argue that the transportation charge sub-class should have been certified because "there are virtually no individualized proof issues involved." (DE [608]). The Court disagrees. The Court declined to certify a sub-class of workers who were charged more than $3.00 per day for transportation because testimony in the record showed that Pacesetter allowed employees to purchase bus passes at cost and those purchases were included on Pacesetter's payroll records under "transportation." Plaintiffs argue that the Court erred in its holding because excess transportation charge claims can be resolved solely by reference to Pacesetter's own records.

Plaintiffs assume that a failure to note a bus pass charge definitively establishes that the charge violated the FLPA. Plaintiffs refer to a deposition question posed to Pacesetter's corporate representative: "And is it similarly correct that in the absence of any comment or additional information, it would be impossible to say if they were charged, you know, for anything other than that day's transportation going to and from the Pacesetter job site"? To which, over an objection to the form of the question, the corporate representative replied, "Correct." Although Plaintiffs argue that this question and answer definitively resolves the issue, it does not. The reason for the charges may not be evident from the payroll records, but Pacesetter is entitled to introduce evidence and to question the individual workers about whether they ever purchased a bus pass. Indeed, another Pacesetter corporate representative testified that the expectation is for a bus pass

purchase to be noted on the record, "but it's such a fast-paced environment, you know, to get workers paid and get them out efficiently, you know, asking them to put a comment on each one would thusly take more time and aggravate the workers even further for waiting to get paid. So, yes, the expectation would be to notate it but it's not a perfect system." (DE [577], Ex. 1, p.12).

The Court exhaustively reviewed the evidence submitted by the parties and concluded that the FLPA transportation charge subclass claims will require extensive amounts of individualized proof that would predominate. The Court disagrees with Plaintiffs' contention that the issue can be resolved "**solely by reference to Defendants' records.**" (DE [616], p.3) (emphasis in original). Instead, resolving the issue will require an unmanageable amount of individualized proof to establish both liability and damages, making class certification inappropriate.

Plaintiffs argue that the statutory damages available under the FLPA satisfies the superiority requirement of Rule 23(b)(3). If the case were simply about damages, this would be correct. But the evidence in the record does not definitively establish that Pacesetter violated the FLPA; liability remains an issue and determining liability would require individualized proof. Class certification is not a superior method of resolving the issue of liability.

Plaintiffs alternatively request that the Court certify the FLPA transportation fee sub-class pursuant to Rule 23(b)(1)[2] even if the Court believes that individual issues predominate. The Court declines that request. First, certification under Rule 23(b)(1)(A) "is for cases seeking injunctive and declaratory relief." *In re Dennis Greenman Securities Litigation,* 829 F.2d 1539, 1545 (11th Cir. 1987). Plaintiffs argue that the "wherefore

---

[2] Plaintiffs' motion asks the Court to certify the transportation class under Rule 23(b)(2), but in their reply memorandum (DE [616]) Plaintiffs concede that Rule 23(b)(2) is inapplicable to this case.

clause" of their Amended Complaint (DE [152]) seeks equitable relief and, therefore, a class can be certified under Rule 23(b)(1)(A). But except for one brief reference to equitable relief in the wherefore clause, the entirety of Count VI of Plaintiff's Amended Complaint is a claim for damages, including "statutory damages of $1,000 per violation, per day, per class member" as authorized by Fla. Stat. § 448.25. Although the remedies under the FLPA "are not exclusive and shall not preclude the worker from pursuing any other remedy at law or equity which the worker may have," *id.,* Plaintiffs have not pled any equitable cause of action. This case is not, and has never been, a case for injunctive relief. Certification under Rule 23(b)(1)(A) is not warranted.

Lastly, Plaintiffs argue that because the claims of all Plaintiffs will "rise and fall on common evidence and application of a uniform body of law" the requirements of Rule 23(b)(1)(B) are satisfied. Once again, the common evidence element is missing. As discussed above, the issue of whether Pacesetter violated the FLPA by charging in excess of $3.00 per day for transportation depends on whether individual workers purchased bus passes for personal use. Plaintiffs' request to certify the transportation sub-class is denied.

    2.    <u>Defendants' Motion for Reconsideration</u>

Pacesetter has withdrawn its request for reconsideration of the order certifying the Commercial Boulevard sub-class, but requests that Plaintiffs be required to file a trial plan. While this motion was pending, Pacesetter filed a Motion to Decertify Class Action (DE [646]). Although Pacesetter has not withdrawn its request for a trial plan, that issue is better addressed after consideration of Pacesetter's Motion to Decertify Class Action. At this time, the request for a trial plan will be denied.

For the reasons discussed herein, it is hereby

4

**ORDERED AND ADJUDGED** that the Plaintiffs' Combined Motion for Reconsideration and Renewed Motion for Rule 23 Class Certification (DE [608]) and Defendants' Motion for Reconsideration of Order on Class Certification (DE [611]) are **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of February 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF